## HERSHY VS. THE CLARKSVILLE INSTITUTE.

According to what seems the proper construction of the statute concerning attachments, the claimant of personal property, seized under the writ, and who has not been summoned as garnishee, may prosecute his claim to the property as an independent proceeding, the determination of it not affecting the right of property as between the defendant in the attachment and the claimant or third person: and so where a garnishee, in answer to the plaintiff's allegations, claims property in his hands.

Though the owner of the property, not choosing to interplead, may obtain redress, in damages, for the injury he has sustained; or may perhaps follow his property in the hands of a purchaser, if he elects to assert his claim by interplea, he, as well as the plaintiff, ought to be bound by the determination, and either may appeal from the judgment.

The trustees of the Clarksville Institute, which is a corporation for a benevolent object, having no personal or pecuniary interest in the property or assets of the corporation, were competent witnesses in a suit to which the corporation was a party.

The recognizors in an appeal bond are incompetent witnesses for the appellant, but if no objection be made in the Court below for that cause, it cannot be taken in the appellate court.

*Appeal from Johnson Circuit Court.*

The Hon. A. B. GREENWOOD, Circuit Judge.

FOWLER, for the appellant. The trustees of the Institute, in whom all its property vested under the charter, were incompetent as witnesses, on the ground that they were parties to the suit— parties on the record having a direct interest, to the extent of the costs at least. *Phill. Ev.* 57; 1 *Greenl. on Ev., secs.* 329, 330; *Pet. C. C. R.* 307; 4 *How. U. S. Rep.* 417; 5 *Ib.* 94.

Corporators, as such, in such cases, being the real parties to the suit, are not competent witnesses. 13 *Petersd. C. L.* 413; 1 *Greenl. Ev., sec.* 175.

Those who were bound in the recognizance for the appeal, were utterly inadmissible as witnesses. They were directly interested

in the defeat of Hershy's suit; and, in the event of his success, were liable to have judgment rendered against them, in that suit, for the whole amount in controversy, with all costs of both courts. *Scott vs. Watkins et al.*, 2 *Smedes & Marsh. Rep.* 240; 1 *Greenl. Ev.*, secs. 333, 392 *to* 395.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellant, Hershy, instituted suit, by attachment, before a justice of the peace, against James Champlin; and among the effects seized by the officer, under the writ of attachment, was a piano, which was claimed by the Clarksville Institute, who accordingly filed an interpleader, and the justice, before whom the process was returnable, immediately proceeded to enquire into and determine the right of property. The decision there was, that the property, claimed in the interplea, belonged to Champlin, the defendant in the attachment, and, as such, subject thereto, and costs were adjudged against the claimant. From this decision, the claimant appealed to the Circuit Court, where, upon trial of the issue upon the interplea, the piano, in question, was found to be the property of the Institute, and final judgment for costs in both courts was rendered against the plaintiff, in the attachment, who prosecuted the present appeal, upon exceptions to the decision of the Circuit Court, admitting certain persons to testify in behalf of the corporation, against his objection to their competency.

The right of property was tried before the justice, and the appeal from his decision allowed, before the return day of the writ of attachment; so that it does not appear upon this record, whether the plaintiff obtained judgment against Champlin, or that any further proceedings were had in the principal suit. According to what seems to be the proper construction of the statute concerning attachments, the claimant, other than the defendant, of personal property, seized under the writ, and who has not been summoned as garnishee, may prosecute his claim to the property as an independent proceeding, and without reference to

17BB

any controversy between other parties, the determination of it not affecting the right of property as between the defendant in the attachment, and the claimant, or third persons. Nor are the rights of the defendant or third persons affected, where a garnishee, in answer to such allegations as the plaintiff may exhibit against him, claims property in his hands. But the person summoned as garnishee retains, unless having no claim he elects to surrender them, the effects alleged to belong to the defendant in the attachment, to which suit the contest between the plaintiff and the garnishee is ancillary, so that no judgment can be entered or execution issued against the garnishee until after the plaintiff has obtained judgment against the principal defendant, and for no greater amount. Where property belonging to a third person, is seized by virtue of a writ of attachment, his claim, by way of interplea, proceeds upon the ground of a wrongful injury to his right of possession. As such wrongs are liable to be done, and the statute (*Digest*, ch. 136, *sec.* 2) forbids that any cross replevin, or replevin for property in the possession of an officer, by virtue of any legal authority, shall be brought, *Spring vs. Bourland*, (6 *Eng.* 658,) approving *Goodrich vs. Fritz*, (4 *Ark.* 325,) the trial of the right of property is allowed as a summary, though where the attachment is from a Circuit Court, not informal, substitute, (*Neal vs. Noland*, 4 *Ark.* 459,) for the remedy by replevin, thus taken away. The property seized, and to which an adverse claim is set up, is supposed to remain in the custody of the officer, ready to be delivered to the claimant, or held subject to the attachment, one or the other consequence following according as the right of property may be determined. Though the owner of the property, not choosing to interplead, or as it may happen, not having an opportunity of doing so, may obtain redress in damages, for the injury he has sustained, by action of trespass or trover, or may perhaps follow the specific property in the hands of any purchaser under the attachment, yet if he elects to assert his claim by interplea, he, as well as the plaintiff, ought to be bound by the determination. The finding does not affect the title of the pro-

perty, as between the absent defendant and the claimant, or gar-
nishee, and the rights of third persons are in no wise affected;
but as between the plaintiff and the claimant, the determination,
with the collateral consequences of a judgment, is conclusive that
the thing in dispute is or is not the property of the claimant.
The seizure of the property, to which the claimant asserts title,
is, in whole or in part, the foundation of the jurisdiction in at-
tachment, and the source from which the plaintiff is to obtain
satisfaction of his demand; and, on the other hand, unless the
proceedings be a nugatory one, the claimant is estopped by the
decision, from any after assertion of his title, as against the plain-
tiff, or any person acquiring title by sale under the attachment.
From such a judgment, either party to the issue, not only the
claimant, as held in *Mitchell vs. Woods*, (6 *Eng.* 180,) but the
plaintiff, also may appeal.

The plaintiff moved for a new trial of the issue upon the inter-
plea, upon the ground that the Court had admitted illegal or in-
competent testimony to go to the jury, and it appears from the
bill of exceptions, taken to the overruling of the motion, that he
had objected at the trial to the competency of certain witnesses
to testify in behalf of the corporation, of which they were trus-
tees, and therefore interested in the event of the suit. The
charter, granted by act of the General Assembly, approved
January 1st, 1849, being in evidence on the part of the claimant,
and brought upon the record by the bill of exceptions, it is clear
that the Court below properly overruled the objection. The In-
stitute was incorporated for the education of the blind. The cor-
porators have no personal or pecuniary interest whatever in the
property and assets belonging to it, of which they are mere
trustees in aid of a benevolent object. The corporation being the
party to the record, and liable for the costs of suit, there was no
reason for excluding, on the score of interest, the individuals
composing it.

But it is assigned, for error, that some of those witnesses had
entered into recognizance for the corporation upon appeal from the

justice of the peace to the Circuit Court, and consequently had a direct pecuniary interest in the event of the suit.

If this objection had been taken in the Court below, it must have prevailed. But it seems to have been overlooked by the parties, and the witnesses themselves, if we may judge from their statements, on *voir dire*. The objection, not having been made there, cannot be entertained in the appellate court; more especially as it was one which, if taken at the trial, might have been obviated by the substitution, with leave of the Court, of other persons as recognizors, in lieu of those offered as witnesses; or the claimant may have been able to dispense with their testimony by adducing other evidence. Affirmed.