Taylor et al. v. Myers.

---

ZALMAN TAYLOR *et al.*, Respondents, *v.* MORRIS D. MYERS, Appellant.

*Attachment—Fraud.*—The effects of a debtor will be subject to attachment if he convey or conceal, or if he be about to conceal or convey any part of his property with fraudulent intent to hinder or delay his creditors.

*Appeal from St. Louis Circuit Court.*

*Geo. Marshall*, for respondents.

*McClellan, Moody & Hillyer*, for appellant.

BATES, Judge, delivered the opinion of the court.

The points made by appellant are—1. The last instruction given for the respondents is erroneous.  2. The court below admitted illegal testimony offered by the respondents.  3. The court below rejected legal testimony offered by the appellant.

As to the first point, the instruction objected to is as follows:

" It is not necessary for plaintiffs to prove that defendant was about fraudulently to conceal, remove or dispose of all of his property and effects, so as to hinder or delay his creditors; but if they find that he was about fraudulently to conceal, remove or dispose of any part of his property and effects, with intent to hinder or delay his creditors, then they will find for the plaintiffs."

There is no error in this instruction.  The real substance of the issue was, did the defendant intend to hinder and delay his creditors by fraudulently concealing, removing or disposing of his property ?  This could be as effectually done by concealing, removing or disposing of a part of his property, as by concealing, removing or disposing of the whole of it. The appellant's construction of the act would nullify it ; for, in every case, as a fraudulent debtor could retain a portion of his property—however small—subject to the claims of his creditors, and thus avoid the effect of the statute ; and it would be almost impossible in any case for an attaching creditor to establish that all of the defendant's property was about to be, or had been, fraudulently concealed, removed or disposed of.

As to the second point, the appellant has not pointed out the particular testimony which he supposes to have been il-

legally admitted when offered by the respondents; and upon looking into the record, we find that the testimony was principally by depositions, and objections to the testimony were stated as follows: "The defendant objected to so much of said deposition as is included in brackets, and marked in the margin 'objected to by defendant,' on the ground," &c. There are no parts of the deposition answering to that description. There are in places along the margin of the transcript of the deposition, pencil marks or lines of greater or less length, opposite some of which are written the word "out," and opposite others the word "in," and opposite others no word is written. There is also filed an agreement of the parties, signed by their counsel, that "the pencil marks on this record are the same as those on the original record, and that the same were placed there by the respective parties and the court at the trial of the cause in the court below.

From all this we cannot find out what points were made as to the testimony in these depositions in the court below, nor how they were determined, and therefore, of course, cannot act upon them. This point does not seem to apply to any oral testimony.

As to the third point. For reasons similar to those given as to the second point, we cannot find out what points were made and determined in reference to the exclusion of parts of depositions offered by the defendant.

The defendant offered to prove by a witness (Donnelson), the manner in which he, the defendant, had conducted his business and dealt with his creditors after the attachment in this case, which the court excluded. There was no error in this exclusion. The evidence offered could have no bearing upon the issue being tried.

Judgment affirmed. Judges Bay and Dryden concur.