## SHERRILL V. BENCH & BRO.

1. ATTACHMENT :  *Affidavit amendable after appeal from Justice to Circuit Court.*

   An affidavit for attachment in a Justice of the Peace Court may be amended after appeal in the Circuit Court, if the amendment contains no cause for attachment not existing at the commencement of the suit.

2. SAME :  *Conveyance to defraud one creditor ground for attachment by others.*

   A sale or conveyance by a debtor to cheat, hinder or delay any one creditor, or his removal from the county of his residence to avoid the service of summons by any one creditor, will justify an attachment of his property by any other creditor.

APPEAL from *Johnson* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*I. L. Fielder*, for appellant :

Before a creditor can resort to attachment, it must appear that there was an intent to cheat, hinder, or delay the attaching creditor, or a general intent to defraud creditors indiscriminately.  The *intent* to do so, or such conduct as will have the effect to cheat, etc., must exist.

The property sold to Dennis was not subject to levy and sale for appellee's debt, and they were in no wise prejudiced.  Cites 31 *Ark.*, 554.

ENGLISH, C. J.  Bench & Bro. commenced this suit against Sherrill by attachment on a promissory note, before a Justice of the Peace of Johnson county.  Defendant did not dispute the debt, but controverted the grounds of attachment.  Plaintiffs obtained judgment, defendant appealed, and on a trial *de novo* in the Circuit Court, the

verdict and judgment were in favor of plaintiffs. Defendant filed motions in arrest of judgment, and for a new trial, which were overruled, and he took a bill of exceptions, and appealed to this court.

I. The motion in arrest of judgment was upon the ground that there was no affidavit, as required by law, as the foundation for the proceeding by attachment.

The affidavit filed before the Justice was defective, but the court rightly permitted it to be amended during the trial, ( *Gantt's Dig.*, Sec. 394 ; *Rogers* v. *Cooper*, 33 *Ark.* 411,) no ground of attachment being stated in the amendment that did not exist at the commencement of the suit.

1. ATTACH-MENT: Affidavit for, amendable in Circuit Court after appeal from J. P.

II. There were two grounds of attachment stated in the affidavit :

2. Conveyance to defraud one creditor ground for attachment by others.

1st. That defendant had left the county of his residence to avoid the service of a summons; and

2d. That he had sold or otherwise disposed of his property with the fraudulent intent to cheat, hinder or delay his creditors.

The court charged the jury, against the objection of appellant, that :

"If the jury believe from the evidence that defendant left the county of his residence to avoid the service of a summons ; or that he had sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat, hinder, or delay his creditors, they will find for the plaintiffs.

"It need not appear that the defendant had disposed of his property with the fraudulent intent to cheat, hinder or delay the plaintiffs ; but if it appear from the evidence that the defendant had sold or otherwise disposed of his property, with the fraudulent intent to cheat, hinder or delay any one of his creditors, this will be sufficient."

There was evidence conducing to prove that appellant made a pretended sale of part of his property, and left

36—37

Johnson county, where he resided, in the night time, with his family and effects, and went into Sebastian county.

The theory of his defense was that he had had much sickness in his family and become indebted to a doctor of Roseville, who had made an unjust bill against him, and that his purpose in making a sham sale of part of his property and leaving the county clandestinely, was to avoid process at the suit of the doctor. That his purpose was not to avoid the payment of the debt he owed appellees, which he admitted to be just and had made arrangements for the payment of part of it.

The seventh ground of attachment, provided for in *Sec. 388, Gantt's Digest,* is where the debtor " has sold, conveyed, or otherwise disposed of his property, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder or delay his creditors."

If a debtor makes a fraudulent disposition of his property, to avoid the demand of one creditor, its effect might be to cheat, hinder or delay any other creditor.

So, if a debtor leaves the county of his residence to avoid the service of a summons by one creditor, it would avoid service at the suit of another.

His Honor, the Circuit Judge, correctly charged the jury, and the weight of evidence was a question for them.

Affirmed.