## MORELAND vs. CONDRY.

TRESPASS : *Jurisdiction of Justice of the Peace.*

The Plaintiff filed before a Justice of the Peace a complaint alleging that the Defendant unlawfully and without right entered upon his land and gathered and carried away his corn of the value of $100, and claimed damages for that amount. After verdict, on appeal, in the Circuit Court, the Defendant moved in arrest of judgment upon

the ground that the action was for a trespass on land, and the Justice of the Peace had no jurisdiction. The motion was overruled and Defendant, after final judgment, appealed. He filed no motion for new trial or bill of exceptions. *Held:* That in the absence of a bill of exceptions this Court will presume in favor of the judgment on the motion in arrest, that there was evidence before the Circuit Court showing that the action was for tresspass for damage to the corn and not for a trespass on the land.

APPEAL from *Benton* Circuit Court.

HON. J. H. BERRY, Circuit Judge.

*E. P. Watson* for Appellant.

The Justice had no jurisdiction, and hence the Circuit Court had none on appeal. *Sec.* 40, *Art.* 7, *Const.* 1874, gives jurisdiction to Justices in matters of damage *to* personal property, &c., *i. e.*, that which the *property sustains,* and not of personal *tresspass* or *torts.* It is only where the *corpus* of the property sustains injury.

See 1 *Chitty on Pleading, p.* 191, 16 *Am. Ed. by Perkins.*

The complaint states a plain case of trespass *quare clausum fregit;* that defendant *gathered* corn, to *his* (plaintiff's) damage, &c. The answer puts *the title to the land* in controversy.

The term *"gathered"* presupposes that the corn was on the stalk, if so it was a part of the *realty.* It was a *trespass on lands.*

### STATEMENT.

ENGLISH, C. J. In April, 1881, John Condry filed the following complaint against R. D. Moreland and R. Y. Hall, before a Justice of the Peace of Benton county:

"John Condry represents that sometime in 1880, the defendants without right, unlawfully and against the consent of this plaintiff, entered on the land of this plaintiff, and unlawfully, knowingly and tortiously gathered and hauled away 250 bushels of corn, the property of this plaintiff, of the value of $100.00, to the damage and injury of this

Moreland v. Condry.

plaintiff in the sum of one hundred dollars, wherefore plaintiff prays payment.

PEEL & RICE, ATT'YS."

There was a jury trial before the Justice of the Peace, and verdict of not guilty as to both defendants.

The plaintiff, it seems, appealed to to the Circuit Court, where defendants filed seperate answers to the complaint.

Moreland answered, denying that plaintiff was the qwner of the corn alleged to have been taken by defendants, at the time of the taking of the same; and also denied that he took from the possession of plaintiff any corn.

Hall's answer denied the allegations of the complaint.

The case was submitted to a jury, and they found the issue in favor of defendant Hall, and against defendant Moreland, and as to him assessed plaintiff's damages at $31.00.

Moreland filed, a motion in arrest of judgment, on the ground that the suit was for a trespass on land, of which the Justice of the Peace had no jurisdiction, and the Circuit Court none on appeal.

The Court overruled the motion in arrest, and ordered judgment in favor of plaintiff against Moreland for $31.00 damages as assessed by the verdict of the jury, &c.; and he excepted and appealed.

There was no motion for a new trial, and no bill of exceptions setting out the evidence introduced by the parties at the trial.

### OPINION.

The Statute provides that ordinary actions before Justices of the Peace shall be commenced by summons, but before the summons is issued, the plaintiff shall file with the Justice the account, or the written contract, or a short written statement of the facts on which the action is founded. *Gantt's Digest*, *Sec.* 688.

In this case the action was not founded on an account, or a

Moreland v. Condry.

written contract, but an attempt was made to file a short written statement of the facts on which the action was founded.

The complaint indicates that a trespass upon the corn, and not upon the land of appellee, was the gravamen of the action. And so appellant must have understood it, for in the answer filed by him in the Circuit Court, which was a plea to the merits, and not to the jurisdiction, he denied that appellee was the owner of the corn, and also that he had taken it from his possession.

Under the present constitution (1874), Justices of the Peace have original jurisdiction exclusive of the Circuit Court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract, where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest. *Art.* 7, *Sec.* 40.

It is plain from all the proceedings disclosed in the transcript, that this suit is not founded upon any matter of contract between the parties.

Justices of the Peace also have "concurrent jurisdiction in suits for the recovery of personal property, when the value of the property does not exceed the sum of three hundred dollars." *Ib.*

It is evident that this was not intended to be an action for the recovery of the corn mentioned in the complaint. The proceedings disclose none of the features of the Code action to recover the possession of specific personal property, or the common law action of detinue or replevin. See *Gantt's Dig., Chap.* 115, *Replevin, and note.*

Justices of the Peace also have concurrent jurisdiction, "in all matters of damage to personal property where the

amount in controversy does not exceed the sum of one hundred dollars." Ib.

It is probable that the suit was brought under this clause of the Constitution, or at least that his Honor, the Circuit Judge, was of the opinion that the evidence introduced at the trial made a case within the jurisdiction of the Justice of the Peace under this clause of the Constitution, and therefore overruled the motion in arrest of judgment.

Upon the verdict, the Court rendered judgment of $31.00 damages, and refused to arrest the judgment on the ground that the Justice of the Peace before whom the suit was commenced had no jurisdiction of the subject matter of the action; and in the absence of a bill of exceptions setting out the evidence, the presumption is that the judgment of the Court was right, there being nothing on the face of the record to forbid the conclusion that there might have been evidence, under the complaint, showing a cause of action within the jurisdiction of the Justice. *Dicus v. Bright*, 23 *Ark.*, 110.

The gravamen of the complaint was that defendants unlawfully entered upon the land of plaintiffs, and tortiously gathered and hauled away 250 bushels of his corn, of the value of $100.00, to the damage and injury of the plaintiff, $100. Whether defendants converted the corn, after gathering and hauling it away, to their own use, or what became of it, or how it was damaged, is not alleged. All that might have been shown by evidence, under the complaint, on the trial, and the presumption is that it was, and that a case for damage to personal property, within the jurisdiction of the Justice, was made out, in the absence of any showing, by bill of exceptions, to the contrary.

Where a suit is commenced and prosecuted to a verdict in a Court of record, and a motion in arrest of judgment for want of jurisdiction of the subject matter is made, it may

usually be determined on inspection of the record, without the aid of the evidence.

But this suit was commenced before a Justice of the Peace, which is not a Court of record, and where no formal pleadings are required, and the motion in arrest was made after trial anew in the Circuit Court, on appeal, on the ground that the Justice had no jurisdiction of the subject matter of the suit, and the Circuit Court therefore none on appeal, and in deciding such motion in arrest, strictness should not be observed in looking back at the proceedings before the Justice.

. Affirmed.