ALFRED N. WILDMAN, APPELLANT, v. JOHN VAN GELDER, RESPONDENT.

*Attachment — what facts show a disposition of property with a fraudulent intent to defraud creditors — a check is "property" — a single creditor is entitled to the protection of the statute.*

A stockholder of a corporation agreed to pay to a trustee for the corporation an assessment made upon his stock, provided that the corporation delivered to said stockholder its check for an equal amount in payment upon an indebtedness owing by it to him, the proceeds of which latter check the stockholder agreed to apply to the payment of his own. The check of the corporation was delivered to the stockholder, who collected it and used the proceeds for a purpose other than the one agreed upon, and then stopped payment on the check which he had given to the trustee for the corporation.

*Held*, that these facts indicated an intention, on the part of the stockholder, to defraud the corporation, and were sufficient to justify the granting of an attachment under subdivision 2 of section 636 of the Code of Civil Procedure.

That the check of the corporation was "property" within the meaning of said section.

That the disposition of any property by the debtor, with intent to defraud a creditor, brought the case within the spirit of the provisions of said section relative to the disposition of property by a debtor "with the intent to defraud his *creditors*," and that any creditor thus defrauded was entitled to bring an action to redress the injury done.

APPEAL by the plaintiff Alfred N. Wildman from an order entered in the clerk's office of the county of New York on the 26th day of March, 1891, denying his motion to vacate an attachment granted in the above-entitled action.

*Edward Lyman Short*, for the appellant.

*J. E. Eustis*, for the respondent.

DANIELS, J. :

The attachment was issued on the ground that the defendant had assigned and disposed of property with the intent to defraud the plaintiff, his creditor. To establish this recital it was proved by the affidavits that the defendant, as a stockholder in the Hat Sweat Manufacturing Company, had agreed to pay an assessment to the plaintiff, as trustee for the company, amounting to the sum of $1,200, provided the company would deliver to him its check for the same amount upon an indebtedness of the company to him, and that the check of the company should be used and applied by him to pay his own check delivered to the plaintiff, as trustee, and on the faith of which the latter agreed to and did pay the assessment for the defendant. He made and delivered his check to the plaintiff, dated July 28, 1890, but at his request its presentment for payment was delayed until the twenty-ninth of the following month, to enable the defendant to meet and provide for the payment thereof by the check of the company, which on that day was made and delivered to him to be used in that manner by him. But instead of using the check received by him for that object he stopped the payment of his own check which he had made and delivered to the plaintiff, and otherwise appropriated and disposed of the check made and delivered by the company to him. These were substantially simultaneous transactions, resulting in a fraud upon the plaintiff. He had been induced by the defendant to hold his check until he received the company's check for the same amount which was delivered to him to be used only to meet his own check delivered to the plaintiff. And when he received the company's check he stopped payment to the plaintiff and used the company's check for another object. These facts create the presumption that the defendant all along, and when he received

the company's check, intended to defraud the plaintiff by inducing him to pay the assessment to the company, with the assurance that he would be reimbursed by the company's check, but which, when it should be received, he would appropriate to a different object, and which he finally did. They warrant the conclusion that in the disposition of the check the defendant intended to defraud the plaintiff.

It is undoubtedly the law that the intent to make a fraudulent disposition of the debtor's property must not only be averred, but it must also be supported by the facts. (*Fleitmann* v. *Sickle*, 13 N. Y. St. Rep., 399; *Morris* v. *Talcott*, 96 N. Y., 100, 107; *Bump* v. *Dehany*, 12 N. Y. Supp., 901.) But these facts are reconcilable with no other inference than that the defendant did intend to defraud the plaintiff in the disposition which he made of the company's check. It was received upon a disputed claim of indebtedness, to be used for a special object, and at once diverted by the defendant to another, which necessarily had the effect of defrauding the plaintiff out of the use to which the check had been specially devoted. To entitle the creditor to an attachment for the disposition of the debtor's property, the law does not require the disposition of all the debtor's property, or any particular portion of it, to defraud his creditors, but it has been provided in case it shall be made to appear that the debtor has assigned, disposed of, or secreted, or is about to assign, dispose of or secrete property with the intent to defraud his creditors. (Code Civil Pro., § 636, sub. 2; *Taylor* v. *Myers*, 34 Mo., 81.)

The check delivered to him was property, and the intent to defraud the plaintiff by its disposition is very fully disclosed by the facts which the affidavits maintain. And he, as a creditor, is as much within the spirit of this provision as two or more, or any other number of the debtor's creditors would be, whom he intended to defraud by the disposition of any part of his property. (*Sherrill* v. *Bench*, 37 Ark., 560; *Correy* v. *Lake*, Deady, U. S. Rep., 469.)

The order should be reversed, with ten dollars costs and the disbursements, and the motion denied.

LAMBERT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.