DELOACH MILL MANUFACTURING COMPANY *v.* LITTLE ROCK MILL & ELEVATOR COMPANY.

Opinion delivered July 9, 1898.

1. ATTACHMENT—INTERVENTION—ESTOPPEL.—One who intervenes in an attachment suit, claiming part of the attached personal property, is not estopped by a judgment in the original suit, but may prosecute his claim to the property or its proceeds as an independent proceeding. (Page 469.)

2. JUDGMENT—WHEN SATISFACTION SET ASIDE.—Where a plaintiff purchases at his own execution sale property supposed to belong to defendant, and satisfies his judgment against the latter *pro tanto*, he will be entitled to have such satisfaction set aside upon being compelled subsequently to account to a third person as the owner of such property. (Page 470.)

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

STATEMENT BY THE COURT.

The Little Rock Mill & Elevator Company brought an action upon an account for $1,540.60 against the Texarkana Grain, Lumber & Machinery Company, on April 29, 1893, and sued out a writ of attachment, which was levied upon the saw mill and one corn mill belonging to the appellants, and upon other property of the defendants in the attachment. All the property was sold by the sheriff under an order of sale made by the judge in vacation of court, and at said sale the said mills were purchased by the plaintiff below (who is the appellee) at $475, but were not paid for.

Before other steps were taken in the case, the Deloach Mill & Manufacturing Company, the appellant here, filed an interplea, claiming title to the property, at the June term of court following, which was sworn to, and prayed for the proceeds of said sale of said mills. This interplea was not answered then.

The defendant in the original suit, the Texarkana Grain, Lumber & Machinery Company, answered the complaint in the original suit, admitted the debt, but denied the grounds for the attachment, and claimed damages for the wrongful attachment. The court gave judgment for the debt, but discharged the attachment, and gave the defendant to the original suit damages for $200 difference between the value of property attached and what it sold for, and ordered that the damages be credited on the judgment, and directed the sheriff to pay the proceeds of the sale of the attached property to the defendant, or its attorney. The attorney who represented the defendant also represented the interpleader.

The plaintiff gave bond, and appealed to the supreme court, and matters stood in *statu quo*, with reference to proceeds of sale, until after the judgment of the circuit court was affirmed in April, 1895. No answer had been filed to the interplea, which, at the November term, 1895, by consent of parties, was continued until the January term, 1896. At the June term, 1896, the plaintiff filed an answer to the interplea, not denying the ownership of the interpleader, but setting up as a defense only the facts that there had been a trial between the plaintiff and defendant in the original suit, and judgment for the plaintiff, and that the interpleader was estopped to claim the proceeds of the sale of the mills, because judgment had been rendered for the value of the property interpleaded for and damages for the detention thereof against the plaintiff in the attachment suit, and said judgment had been satisfied by said plaintiff. They said that said interpleaders were, during all the stages of the proceedings prior to and under said judgment, parties to said suit, and made no objection to the judgment and orders of the court therein, although they were cognizant of such proceedings. They submit to the answer that the interpleaders are estopped, and that the matters and issues involved are *res judicatae*.

*Williams & Arnold*, for appellant.

An interplea must be answered, or its allegations are admitted. 48 Ark. 446; 33 Ark. 611; 47 Ark. 31; 57 Ark. 545; Boone, Code Pl. § 159; 50 Barb. 397. Appellant is not estopped by the judgment against the original defendant.

Wells, Res. Adj. and Stare Decisis, 175; Freeman, Judg. 256; Beach, Judg. §§ 624, 629; 4 Wall. 236; 94 U. S. 606; 26 Am. Rep. 388–390; 38 Ark. 329; 15 Ark. 128; 11 Ark. 180; 60 Ark. 444. All the interpleader can recover in this suit is the proceeds of the sale. 53 Ark. 134. It was error to credit the amount of the judgment on the price bid at the sale by plaintiff. This satisfaction of the judgment is void, and should be set aside. 38 Ark. 28; Freeman, Executions, §§ 54, 352; Freeman, Judg. § 478.

*L. A. Byrne*, for appellee.

Appellant, having failed to insist on its rights before sale of the attached property and payment to the plaintiff, cannot now do so. Sand. & H. Dig., § 372. Appellant is also estopped by acquiescence. 52 Ark. 468; 57 Ark. 638; Bigelow, Estop. 118, 121; Herman, Estop. §§ 125, 242, 288, 1063.

HUGHES, J., (after stating the facts.) The question of estoppel was the only question considered and decided by the circuit court between the interpleader and the original plaintiff. The interpleader's title seems to have been admitted. It was not disputed. There was no answer denying it. Was the interpleader estopped? The interpleader was not a party to the original suit.

Speaking of an interplea, in *Berlin* v. *Cantrell*, 33 Ark. 611, Chief Justice English said, in substance, that it was in the nature of a cross action for the property claimed, and was the interpleader's suit, in which, in legal effect, the interpleader was the plaintiff. Chief Justice Cockrill said, in *Sannoner* v. *Jacobson*, 47 Ark. 31, that the intervening suit is a separate one. "As such is its nature, we think the pleadings in it must be governed by rules applicable to similar pleadings in other actions. Boone, Code Pleadings, § 159. Our conclusion, therefore, on this point is that the court erred in refusing to require a written answer to the interplea of the appellant." *Rosewater* v. *Schwab Clothing Co.*, 58 Ark. 446, 451.

"In order that a judgment may constitute a bar to another suit, in must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits."

*Hughes* v. *United States*, 4 Wall. 236. It must either appear on the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit. When the record leaves the matter in doubt, extrinsic proof is admissible to show that the same point was adjudicated in the former suit. *Russell* v. *Place*, 94 U. S. 606; 1 Freeman, Judgments, § 256.

Chief Justice Watkins, in *Hershey* v. *Clarksville Institute*, 15 Ark. 128, said: "According to what seems to be the proper construction of the statute concerning attachments, the claimant, other than the defendant, of personal property seized under the writ, and who has been summoned as garnishee, may prosecute his claim to the property as an independent proceeding, and without reference to any controversy between the parties, the determination of it not affecting the right of property between the defendant in the attachment and the claimant or third persons." *Mitchell* v. *Woods*, 11 Ark. 180. The interpleader in the case at bar fully put the plaintiff on notice by filing his interplea.

The statute (Sand. & H. Dig., § 372) provides: "Any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his complaint, verified by oath, to the court disputing the validity of the attachment, or stating a claim to the property, or an interest in or lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is founded, and his claim shall be investigated."

The interpleader filed his claim to the proceeds of the sale of his mills, in accordance with this statute. His title to the property was never denied or controverted. The interpleader was not estopped to claim the proceeds, which amounted to $474, and it is entitled to this amount, with interest thereon.

The satisfaction of the plaintiff's judgment *pro tanto* may be set aside as to the proceeds of the interpleader's property, to which the defendant in the attachment had no title, it having been procured without gain to the plaintiff or loss to the defendant. The satisfaction *pro tanto* was apparent, but not

real.  *Jones* v. *Arkansas Mech. & Agl. Co.*, 35 Ark. 28;  Free-man, Executions, §§ 54, 352.

The judgment is reversed, and cause is remanded for fur-ther proceedings consistent with the opinion.