RUTHERFORD *v.* McDONNELL.

Opinion delivered May 6, 1899.

1. PARTNERSHIP ASSETS—AUTHORITY OF PARTNER TO SELL.—A member of a firm engaged in farming has no implied authority to sell the live stock and farming utensils of the firm without the consent of his partner. (Page 450.)

2. SALE—MUTUAL MISTAKE—RESCISSION.—Where a partner sold, and his vendee bought, the firm assets under the mistaken belief that such partner had authority to sell the same, and, as part consideration thereof, the vendee satisfied a decree in his favor against the firm, foreclosing a mortgage on such assets, the sale will be rescinded, the satisfaction of decree set aside, and the foreclosure decree enforced by sale of the assets. (Page 451.)

Appeal from Jefferson Chancery Court.

JAS. F. ROBINSON, Chancellor.

STATEMENT BY THE COURT.

The facts in this case are, briefly stated, as follows: Eliza R. Walkerwitz, a married woman, owned certain farming lands in Jefferson county; also live stock and other personal property on said farm. She entered into a partnership with James S. Rutherford for the purpose of cultivating said lands, and sold him a half interest in the personal property for the price of $1,800. For the payment of this, he executed his note, but has never paid the same. Afterwards, Mrs. Walkerwitz and the firm became indebted to James S. McDonnell for money borrowed to run the farm and for other purposes, to the amount of several thousand dollars. To secure these sums,

Mrs. Walkerwitz executed to McDonnell a mortgage on her lands, and the firm of Walkerwitz & Rutherford also executed to him a mortgage on the personal property above mentioned. In March, 1894, McDonnell brought suit, in the chancery court of Jefferson county, to foreclose these mortgages. He recovered judgment against Walkerwitz & Rutherford for the sum of $12,500, all of which was adjudged to be a lien on the lands of Mrs. Walkerwitz, and a portion of which—to wit, $1,088—was declared to be a lien on the personal property of the firm of Rutherford & Walkerwitz. Afterwards, in March, 1895, McDonnell and Mrs. Walkerwitz agreed upon a full settlement of said judgment and decree, as follows: McDonnell was to pay Mrs. Walkerwitz $500, and release from the mortgage and decree certain live stock and farming utensils, and she was to convey to him all the lands described in .the mortgages and decree, and also all the live stock and farming utensils described in the mortgage, except that portion released to her; and such conveyance of the land and live stock was to be taken by him in full satisfaction of all debts due him from Mrs. Walkerwitz, both as an individual and as a member of the firm of Walkerwitz & Rutherford. This agreement was carried out by proper conveyances from Mrs. Walkerwitz. McDonnell took possession of the lands conveyed to him, but Rutherford, who had possession of the personal property, claimed that he owned a half interest therein, and he refused to surrender the same. McDonnell thereupon brought this action to quiet his title, and to subject any interest of Rutherford in the property to the payment of his decree. Rutherford answered, alleging that the decree had been satisfied in full by the conveyance from Mrs. Walkerwitz; that he was not a party to such conveyance, and that the same did not affect his one-half interest in the personal property; and that plaintiff had no interest in or claim on the same. He also demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in equity. The chancellor found, in favor of the plaintiff, that Rutherford had no interest in the property, and decreed accordingly.

*Austin & Taylor*, for appellant.

Appellee's demurrer should have been sustained, because equity had no jurisdiction to relieve the appellant from the effect of his voluntary discharge. 1 Pet. 1. The release of one partner from a partnership debt releases all. Lindl. Part. *237; 52 Am. Dec. 56, and notes; 61 Am. Dec. 283; 1 Am. St. Rep. 475. If one partner makes a conveyance of partnership property, to be binding on the others, it must be shown that it was made with the consent of such other partners. 49 Miss. 569; 1 Lindl. Part. 336; 1 Ark. 206; 37 Ark. 228; Parsons, Part. 162; 12 Peters, 221.

*J. M. & J. G. Taylor* and *Crawford & Hudson*, for appellee.

If the complaint stated a cause of action cognizable in either law or equity, it was not demurrable. Even if a motion to transfer would have availed appellant anything, it is now too late to make it. 32 Ark. 164. A partner has a right to use the partnership property in the payment of partnership debts, and to execute the necessary transfers thereof. Bates, Part. 820, 453; 36 Ark. 624; Jones, Liens, § 789; Parsons, Part. *162, 165; 13 Ia. 474; 3 Johns. 70; 3 Sandf. 290; 14 Abb. Pract. 332; 15 Ves. 557; 4 Day, 428; Cowp. 445; Cranch (S. C.) 280; 17 Vt. 390; 1 Brock. 461; 6 Pick. 360; 1 Met. 518; 5 Paige, 31, 32; 5 Hill, 163; 7 *id.* 585; Story, Part. 164; 48 Fed. 817. Appellant, by his acquiescing to the transfer and permitting appellee to expend his money and release his securities on the faith of the deed, is estopped to deny his partner's authority to execute same. Herm. Est. §§ 1061, 1071; 24 Ark. 371, 399; 33 Ark. 465, 468; 14 Ark. 505, 514; Big. Est. 503–6; 33 Ark. 465.

RIDDICK, J., (after stating the facts). The appellant, Rutherford, insists in this case that Mrs. Walkerwitz had no power to sell his interest in the partnership property, and that the chancellor erred in holding that he now had no interest in such property. As the partnership of Walkerwitz & Rutherford was not formed for the purposes of trade, but to cultivate the lands of Mrs. Walkerwitz, we concur in the contention that she could not sell the live stock and farming utensils of the firm without the consent of Rutherford. That property was

not held for the purpose of sale, and we do not think that power to sell it without consent of her partner can be inferred from the terms of the partnership. *Lee* v. *Onstott*, 1 Ark. 206; *Drake* v. *Thyng*, 37 *ib.* 228; *Cayton* v. *Hardy*, 27 Mo. 536.

It may, therefore, be true that Rutherford was not bound by such sale, and could recover his interest in the property upon paying or satisfying the decree or foreclosure, or so much of it as affects his property. He does not, however, offer to do that, but asserts that the decree has been satisfied in full by the contract and conveyance of Mrs. Walkerwitz, and that he now has an undivided half interest in the personal property of the firm, free from the lien of such decree. We think that the evidence shows that the satisfaction of the decree depended upon the sale of the property, both real and personal, to McDonnell. Mrs. Walkerwitz assumed to be the owner of the property. As no part of the note given by Rutherford for one-half interest in the property has been paid, the property was treated by both Mrs. Walkerwitz and McDonnell as her property, and she undertook to convey, not a one-half interest in the property, but a title to the whole, in satisfaction of the judgment and decree. If Mrs. Walkerwitz and McDonnell were acting under a mutual mistake as to her ownership and right to sell the property, and Rutherford refuses to ratify her act and make the sale good, McDonnell should be allowed to rescind the sale and set aside the satisfaction of the decree, and the foreclosure decree should be enforced by a sale of the property. Benjamin, Sales, (Bennett's Ed.) p. 368 and note; *Cooper* v. *Phibbs*, 2 L. R. Eng. & Ir. App. Cas. 170.

If there was any agreement between Mrs. Walkerwitz and McDonnell as to the price of the land, it might be unnecessary to rescind sale of land, but the price of same could be credited on the decree. The same thing may be said of her interest in the personal property, if there was any agreement as to the price. But the evidence here does not show that there was any agreement between Mrs. Walkerwitz and McDonnell as to the price of either the land or the personal property, but the chancellor disposed of the case upon the theory that Mrs. Walkerwitz could sell the personal property without consulting Rutherford.

The judgment will, therefore, be reversed, and the cause

remanded, with an order that Mrs. Walkerwitz be made a party, and for further proceedings.

---

NOTE. By consent of the parties this case was subsequently affirmed. [Reporter.]