THE CITIZENS BANK OF MAMMOTH SPRING, ARKANSAS, *v*.

THE COMMERCIAL NATIONAL BANK OF CHICAGO, ILLINOIS.

## Opinion delivered January 27, 1913.

1. JUSTICES OF THE PEACE—APPEAL—PERSONS ENTITLED TO APPEAL.—Where an attachment suit was brought against a nonresident defendant, and a garnishment sued out against the appellant, and the appellee files an interplea, the appellee may prosecute an appeal from a judgment of the justice dismissing his interplea. (Page 145.)

2. GARNISHMENT—LIABILITY OF GARNISHEE.—The garnishee who, in an action before a justice, pays the money garnished to the plaintiff, will be liable for the same to an intervenor who has filed an interplea claiming the same, and when, on appeal from a judgment of the justice dismissing the interplea, it is determined that he is entitled to the money in the garnishee's hands. (Page 145.)

3. JUDGMENTS—ATTACK FOR ERRORS OR FRAUD.—Although a judgment is erroneous and may be set aside on appeal, it can not be attacked in an independent action except on proof of fraud practiced in its procurement. (Page 145.)

4. JUDGMENTS—ATTACK FOR ERRORS OR IRREGULARITIES.—Where the proper order of the court in an action would have been to have ordered the garnishee to have paid the money in its hands to the claimant, instead of rendering judgment against the garnishee for the amount and adjudging costs against it, the error of the court might have been corrected on appeal, but can not be reached in an independent action to set aside the judgment. (Page 146.)

5. PLEADING—UNCERTAINTY—REMEDY.—Although the material allegations of a pleading are ambiguous and uncertain, if the inference may be drawn therefrom by a fair intendment that facts exist sufficient to constitute a cause of action, the defect must be corrected by a motion to make more definite and certain, and not by demurrer. (Page 148.)

Appeal from Fulton Circuit Court; *John W. Meeks,* Judge; reversed.

### STATEMENT BY THE COURT.

On the 28th day of March, 1910, the Wood Grocer Company, of Mammoth Spring, Arkansas, instituted an action of attachment in a justice of the peace court against L. Starks Company, a foreign corporation, and sued out a writ of garnishment against the Citizens Bank of Mammoth Spring. On the return date of the attach-

ment the Citizens Bank appeared in court and answered that it had in its possession the sum of two hundred forty-nine dollars and forty cents, the property of defendant, L. Starks Company. The Commercial National Bank of Chicago filed an intervention in the justice court, claiming said sum of $249.40 as its property. The justice of the peace found that the Commercial National Bank failed to state facts sufficient to entitle it to an investigation of its claim under section 391, Kirby's Digest, and dismissed its interplea.

The Citizens Bank was ordered to pay over the money in its hands to the Wood Grocer Company and the judgment then recites as follows: "And after this was done comes the interpleader and files its affidavit and bond for appeal to the Fulton Circuit Court, which is granted and the attachment is not appealed." The Citizens Bank signed the appeal bond as surety for the Commercial National Bank, and in it it is recited that "this appeal being on the part of said interpleader only." In the circuit court the Wood Grocer Company filed a motion to dismiss the interplea of the Commercial National Bank and the court dismissed the interplea with leave to the interpleader to amend it. Subsequently the Commercial National Bank filed an amended interplea verified by its oath. The Wood Grocer Company then filed a demurrer to the interplea. The court overruled the demurrer and the Wood Grocer Company stood upon the demurrer and declined to plead further. The circuit court after hearing the evidence, rendered a judgment in favor of appellee against appellant for the sum of $255, the amount of the fund which was garnished and which was found to belong to appellee.

Appellant, Citizens Bank of Mammoth Spring, filed its complaint against appellee, Commercial National Bank of Chicago, in the Fulton Circuit Court, in which it set up the above facts and asked the court to vacate and set aside the judgment which it had heretofore rendered in favor of appellee against appellant in the sum of $255. Appellant alleges that the court had no juris-

diction to render the judgment sought to be set aside against it and the judgment is for that reason null and void. The complaint further alleges that the docket of the circuit judge in the case appealed from the justice of the peace, and in which judgment was rendered in favor of appellee against appellant for $255 is as follows: "Fourth day. Judgment for amount against Wood Grocery." That nowhere upon said minutes is it shown that any judgment was authorized to be rendered against appellant in any amount. The prayer of the complaint is that the judgment rendered against appellant in favor of appellee should be declared by the court void and the same is asked to be vacated and set aside.

Appellant demurred to the complaint. The court sustained the demurrer and ordered that the complaint of the appellant be dismissed. From the judgment rendered the appellant has duly prosecuted an appeal to this court.

*D. S. King,* for appellant.

*McCaleb & Reeder* and *C. E. Elmore,* for appellee.

HART, J. (after stating the facts). According to the allegations of the complaint an attachment suit was brought before a justice of the peace against a non-resident defendant and a writ of garnishment was sued out against appellant. Appellant appeared in court and answered that it had a sum of money in its hands belonging to defendant amounting to $249.40. Appellee filed its interplea claiming the money. The justice of the peace dismissed the interplea because it did not comply with section 391 of Kirby's Digest. Appellee filed its affidavit and bond for appeal, and appellant became surety on its appeal bond. Appellee had a right to prosecute an appeal from the judgment of the justice of the peace dismissing his interplea. *Bloom* v. *McGehee,* 38 Ark. 329; *Mitchell* v. *Woods,* 11 Ark. 180; *Hershey* v. *Clarksville Institute,* 15 Ark. 128.

According to the allegations of the complaint appellant paid the money in its hands to the plaintiff in the attachment suit after the appeal was taken. It now contends that it had a right to do this because no appeal was taken in the attachment suit. This was not necessary to be done in order to preserve the rights of the interpleader. Appellee, as interpleader, was not interested in the result of the attachment suit. It claimed the funds in the hands of the appellant as its own. The court had dismissed the interplea of the appellee and the appeal was necessary in order to preserve its rights. Appellant was in court and had notice that appellee had taken the appeal and appellant signed its appeal bond. It is true the appeal bond recited that the appeal was taken on the part of the interpleader only; but as we have already seen, appellee was not interested in the judgment on the attachment, and had a right to appeal from the order of the justice of the peace dismissing its interplea. If appellant had desired to be relieved of its liability in the case it should have paid the money into court before the appeal was taken. When the interplea was filed setting forth the claim of appellee to the funds an issue was formed thereon between him and the plaintiff and that issue was whether the money in the hands of the garnishee was the property of the claimant or the principal defendant. As above stated, if the garnishee desired to relieve itself of liability in the matter it should have paid the money into court to be delivered to whichever party the court should decide was entitled to it. Not having done so, it can not in this suit by alleging that it paid the money to the plaintiff in the attachment suit, after the appeal of the interpleader was taken, relieve itself of liability. In the judgment of the circuit court on appeal the court found from the evidence "that the money and draft garnisheed in the hands of the Citizens Bank is the property and money of said Commercial National Bank to the sum of $255, and that the said Commercial National Bank of Chicago should have judgment against the said Citizens Bank in the sum

of $255, its debt.'' It will be seen from this that the judgment of the circuit court might have been based upon a finding that the money was then in the hands of appellant.

The judgment might have been erroneous and this would depend upon the facts before the court. If erroneous, it could have been set aside on appeal but the validity of it can not be attacked except on account of fraud. In the case of *Pattison* v. *Smith,* 94 Ark. 589, the court held (quoting from syllabus): ''A judgment or decree can not be impeached for fraudulent acts or testimony, the truth of which was or might have been in issue in the proceeding which resulted in the judgment assailed, but must be impeached by proof of a fraud practiced in the procurement of the judgment itself.''

The proper order of the circuit court would have been to have ordered the garnishee discharged upon payment of the money found in its hands to the claimant, who was adjudged by the court to be entitled to it. Then, too, the court should not have adjudged the costs against the garnishee. But these were errors which might have been corrected on appeal.

Again it is contended that the effect of the order of the circuit court permitting appellee to amend its petition as interpleader was in effect the commencement of a new suit, but we do not think so. The court had a right to permit appellee to amend its petition after appeal to the circuit court. *Sherrill* v. *Bench,* 37 Ark. 560; See also, *Sannoner* v. *Jacobson,* 47 Ark. 31.

Finally it is insisted that the court erred in sustaining the demurrer to the complaint because the complaint alleges that the circuit court did not render any judgment against appellant, and that the judgment in question was entered of record by misprision of the clerk. The allegations of the complaint on this point are as follows:

''That at the February, 1911, term of the Circuit Court of Fulton County, towit.: On the 4th day of said term, the same being on the second day of March, 1911,

the defendant herein, the Commercial National Bank of Chicago, by some unlawful means, and unknown to this plaintiff, and unauthorized by the court, had entered upon the records of this county by fraud, mistake or clerical misprision a personal judgment against this plaintiff, the Citizens Bank of Mammoth Spring, Arkansas, in the sum of $255, which said personal judgment and purported findings are set forth in said record entry which are in words and figures as follows, to,wit:

(Here the judgment is copied in the complaint.)

"That said judgment was wrongfully and fraudulently and without either the authority or an order of the court entered of record against this plaintiff, and that this plaintiff, the Citizens Bank, was not indebted to said defendant, the Commercial National Bank, in the sum of $255, or any other sum at that or any other time. Neither was this plaintiff surety on bond, note, bill or otherwise for any person or persons to the defendant, the assignor of defendants, whereby it was or is under obligations of any kind whereby any just judgment either in law or equity could be, or could have been, at that time rendered or legally entered of record against this plaintiff, in this or any other sum whatever."

It will be observed that there is no direct allegation in the complaint that no judgment was rendered by the court against appellant, but in the case of the *St. L. I. M. & S. Ry. Co.* v. *Moss,* 75 Ark. 64, the court held that, although the material allegations of a pleading are ambiguous and uncertain, if the inference may be drawn therefrom by a fair intendment that facts exist sufficient to constitute a cause of action, the defect must be corrected by a motion to make more definite and certain, and not by demurrer. See also, *Greer* v. *Strozier,* 90 Ark. 158.

Again in the case of *Stewart* v. *Fleming,* 96 Ark. 371, the court held that indefiniteness in a pleading should be reached by a motion to make more definite. When tested by this rule the sufficiency of the complaint

should have been reached by a motion to make more definite and certain. In other words, the matters set out in the complaint when tested by demurrer are sufficient to allege that the circuit judge who presided on the 2d day of March, 1911, did not render a judgment against appellant in the case of *Wood Gro. Co.* v. *The Commercial National Bank of Chicago,* and the *Citizens Bank of Mammoth Spring, Arkansas,* but that a judgment against appellant in said cause was entered of record by misprision of the clerk and without an order of the court rendering the same. These allegations, if proved by appellant, would entitle it to the relief prayed for. Therefore, the court erred in sustaining the demurrer to the complaint.

It is true that the complaint is very long and involved. It contains much redundant, immaterial and irrelevant matter, but this should have been reached by motion to strike out, and not by demurrer.

Our Civil Code, section 103, provides that the court at any time before the defense shall on motion of the defendant strike out of the complaint any cause or causes of action improperly joined with the others. If the appellee thought the complaint was defective in this respect, such defect should have been met by motion to strike out and not by demurrer. *Terry* v. *Rossell,* 32 Ark. 478; *Dyer* v. *Jacoway,* 42 Ark. 186; *Ashley* v. *Little Rock,* 56 Ark. 391.

Because the court erred in sustaining the demurrer to the complaint, the judgment must be reversed and the cause remanded for further proceedings according to law.