McEUEN *v.* WAKENIGHT.

Opinion delivered April 7, 1930.

*Brundidge & Neelly,* for appellant.

*Miller & Yingling,* for appellee.

McHANEY, J.  Raymond McEuen, a minor son of appellant, purchased a used automobile from appellee, giving his note, with appellant as joint maker or surety, as part of the purchase price.  In February, 1927, appellee secured a judgment by default on said note in the justice court of W. H. Bell for $76 and costs of $3.55.  Thereafter Raymond McEuen paid appellee the amount of the judgment and costs, and satisfaction thereof was in-

dorsed on the docket entry of the judgment on March 20, 1927. In December following, Raymond McEuen, by his father and next friend, appellant, brought suit in the White Chancery Court against appellee, alleging his minority at the time the judgment aforesaid was obtained against him, and praying a recovery of the amount so paid by him in satisfaction thereof. He was successful in this suit and recovered a judgment against appellee for the amount of the judgment and costs paid him. Thereupon appellee filed a petition in the justice court to correct the judgment on his docket by cancelling or setting aside the entry of satisfaction, so as to leave an unsatisfied judgment against appellant as originally entered. The justice of the peace granted the petition and set aside the satisfaction. Appellant took an appeal to the circuit court, where the judgment of the justice court was affirmed.

We think the justice and the circuit court on appeal correctly held that appellee could cancel the satisfaction so as to leave the judgment stand as to appellant. While the judgment was paid by the minor with one hand, it was withdrawn by the other, and so the net result was that the judgment was never paid in fact. The contract so far as the minor was concerned was not void but only voidable. The contract, so far as appellant was concerned, was neither void nor voidable. No defense was made, and judgment was had in the justice court, and no appeal therefrom. When the minor recovered the amount paid in satisfaction of the judgment, appellee was entitled as a matter of simple justice to have the record of the judgment speak the truth. It showed "satisfied in full," when, as a matter of fact, it had not been satisfied. *Levy* v. *Ferguson Lumber Co.*, 51 Ark. 317, 11 S. W. 284, and cases there cited. "The satisfaction * * * was apparent, but not real," as said by this court in *DeLoach Mill Mfg. Co.* v. *L. R. Mill & Elevator Co.*, 65 Ark. 467, 47 S. W. 118. See also *Rutherford* v. *McDonnell*, 66 Ark. 448, 51 S. W. 1060; *Martin* v. *Bank of State*, 20 Ark. 636;

*Stuart* v. *Peay,* 21 Ark. 117. It has many times been held that the circuit court has the power, upon proper application and notice to the parties interested, to amend the record by vacating a satisfaction of a judgment. The cases cited above so hold. We see no good reason why the same rule should not apply to justice courts.

It is next urged that the amendment to the answer filed in the circuit court stated a defense, and that appellee's demurrer thereto should not have been sustained. The amendment was to the effect that at the time he signed the note of his minor son he had an agreement with appellee that he was not to be liable thereon personally. This defense is not tenable, and the court correctly sustained the demurrer thereto. The question of appellant's liability on the note was not before the circuit court, but only the right of appellee to have the satisfaction of the judgment vacated. If a defense at all, it was available in the justice court in the suit on the note, or on appeal to the circuit court from the judgment against him. It was not only a collateral attack on the judgment of the justice, but was an attempt to vary the terms of a written contract by parol testimony.

Judgment affirmed.