FEATHERSTON *v.* LAMB.

4-7294          178 S. W. 2d 492

Opinion delivered March 13, 1944.

*O. A. Featherston,* for appellant.

*Tom Kidd,* for appellee.

McFADDIN, J.   The original issues between the parties were (1) the right to schedule, and (2) the right to collaterally attack a judgment by allegation of fraud in the procurement. These issues must be disregarded here, because of the procedural defect that we will mention, and the case here will be affirmed because of the absence of a bill of exceptions.

On November 13, 1942, M. L. Featherston filed suit against C. C. Lamb in a justice of the peace court in Pike county, Arkansas, for $25. Attached to the complaint was a mortgage from Lamb to Featherston on one bay mare, given to secure a debt of $25 due January, 1942. The complaint alleged that Lamb and another had damaged Featherston by detaining the said animal and that the detention was tortious, and prayed judgment for $25 as damages. The summons issued by the justice of the peace notified Lamb that he was to answer the claim of Featherston "due upon chattel mortgage." Lamb defaulted and judgment for $25 was rendered in favor of Featherston and sounding in tort.

Thereafter, Featherston had a writ of garnishment issued on the judgment and served on Humphreys Gold Corporation, as garnishee, Lamb then filed his time wage schedule, claiming the garnished funds to be time wages and exempt under § 7185 of Pope's Digest. Featherston resisted the schedule, claiming the judgment was in tort and that the exemption statute could not be invoked. From an adverse decision, Lamb duly appealed to the circuit court where the case was heard and decided in Lamb's favor on August 28, 1943; and from that judgment Featherston brings this appeal. The circuit court judgment after reciting that the case was heard on certain documents "and the oral evidence of M. L. Featherston and C. C. Lamb," then made certain findings, one of which was as follows: "The court further finds that

the evidence before this court and before the justice court was insufficient to establish a judgment in tort, and that the defendant, Clyde C. Lamb, had no notice that plaintiff was seeking or attempting to procure a judgment in tort against him; that fraud was practiced upon said justice court and upon the defendant, Clyde Lamb, in procuring a judgment in tort, and that said judgment should have been rendered in contract and that said judgment is subject to collateral attack in this appeal by the defendant, Clyde C. Lamb, from the judgment of the justice court disallowing his claim of exemptions.''

The judgment then concludes with the statement that Featherston prayed an appeal to the Supreme Court ''and was allowed ninety days in which to prepare, present and file her bill of exceptions.''

I. *Absence of Oral Testimony.* There is no bill of exceptions in the transcript filed in this court, yet the judgment of the court as previously copied, recites that oral testimony was heard and time given for filing the bill of exceptions. In the absence of the bill of exceptions we must apply the long established rule of this court, that we presume that the oral testimony supported the findings and judgment of the circuit court. *Turner v. Collier,* 37 Ark. 528; *Moreland v. Condry,* 40 Ark. 78; West's Arkansas Digest, ''Appeal and Error,'' § 907 (3).

II. *The Record.* We now examine the record to see if it discloses error; that is, we examine to see if the judgment rendered was one that the court could properly render under any proof whatever. We have here a case where the circuit court has found as a fact that the judgment was procured by fraud practiced on the court. In such a situation, the judgment may be attacked collaterally. *Citizens Bank v. National Bank,* 107 Ark. 142, 155 S. W. 102; 34 C. J. 576. So the record shows that the circuit court acted within its powers and jurisdiction.

There being no bill of exceptions, and no error appearing on the face of the record, the judgment of the circuit court is in all things affirmed.