ROCHESTER DISTILLING COMPANY, Plaintiff, *v.* STEWART L. DEVENDORF, Defendant.*

*Vendor and vendee — rescission of a contract of sale, for fraud — replevin — action for the value of the goods not recovered by replevin — satisfaction of a judgment for the price of the goods — presumption of payment.*

A vendor of goods, the sale and delivery of which was induced by fraud on the part of the vendee, does not, by an effort to retake the entire property, which is successful in part only, lose the right to pursue the vendee for the value of the unfound portion.

But the satisfaction, by a vendor, without the intervention of an order of the court, of a judgment obtained against the vendee for the purchase price of

See *ante*, page 428.

goods sold and delivered, is *prima facie* evidence of payment, and, in the absence of evidence tending to remove such presumption of payment, will preclude the vendor from maintaining an action against the vendee to recover the value of the portion of the goods which the vendor has been unable to find by replevin, on rescinding the contract of sale for fraud.

MOTION by the plaintiff, the Rochester Distilling Company, for a new trial upon a case and exceptions ordered to be heard at the General Term in the first instance, after a nonsuit directed by the court at the Monroe Circuit on the 8th day of February, 1893.

*George D. Reed*, for the plaintiff.

*Walter Welch*, for the defendant.

LEWIS, J. :

The defendant purchased of the plaintiff on the 27th day of January, 1891, a bill of liquors of the value of $251.73. The plaintiff recovered a judgment in the Supreme Court against the defendant for the purchase price of the goods on the 27th day of June, 1891. An execution was issued thereon to the sheriff, which was returned unsatisfied in whole. Proceedings supplementary to execution were thereafter instituted against the defendant. The plaintiff having learned that the defendant, before the recovery of said judgment, had sold and transferred the goods to his wife, Mary M. Devendorf, commenced an action against her for the recovery of the possession of the goods.* All of the goods sold were embraced in the complaint and were taken by the sheriff, with the exception of goods amounting in value to eighty dollars, which the sheriff could not find. After the commencement of the said replevin action and before the recovery of judgment therein, the plaintiff, having learned that Devendorf obtained the goods by false and fraudulent representations as to his responsibility, on the 21st of September, 1891, caused the said judgment against Devendorf, obtained as aforesaid for the purchase price of the goods, to be discharged of record by filing with the clerk of the county where the judgment was docketed a certificate in writing executed by the plaintiff, directing the clerk to satisfy the said judgment of record; and the clerk thereupon did satisfy the judgment of record. And thereafter this action was commenced, the plaintiff alleging in its complaint that the defend-

---

*See *ante,* page 428.

ant obtained said goods from the plaintiff through fraud and deception, with the intent not pay for them, and with the intent to cheat and defraud the plaintiff out of the same, and claimed damages in the sum of eighty dollars, being the value of the goods not obtained in the replevin action. The defendant answered, among other things, setting up as a bar to the action the pendency of the replevin action against Mrs. Devendorf and also the judgment recovered against the defendant for the purchase price of the goods, and alleged that the debt was fully paid, satisfied and discharged. Plaintiff gave evidence tending to establish the allegations of its complaint, that the goods were obtained by fraud, and that it was ignorant of the fraud when the action for the purchase price of the goods was commenced. The pendency of the replevin action and the recovery and docketing of the judgment for the purchase price of the goods and the discharge thereof by the clerk by direction of the plaintiff were duly proven when the plaintiff rested its case, and the trial court thereupon nonsuited the plaintiff and directed the case to be heard in the first instance at the General Term.

The nonsuit was granted upon the ground that the plaintiff having brought an action for the possession of the goods, thereby disaffirmed the sale and stood upon its rescission, and could not thereafter maintain an action upon the theory that the title to the property passed to the defendant upon the sale, thereby divesting the plaintiff of its title therein. It may well be doubted if the nonsuit was put upon the proper ground. The plaintiff had in its action against Mrs. Devendorf recovered only part of the property, and sought by this action to recover the damages sustained by the fraudulent conduct of the defendant in obtaining possession of its property by fraud. The plaintiff simply claimed to recover the damages which it had sustained by the fraud of the defendant, and the damages were the value of the property which it had failed to obtain in its replevin action against Mrs. Devendorf.

Whether such an action under such circumstances can be maintained has been the subject of much discussion in our courts. We see no reason upon principle why it cannot be sustained. It was held in *Powers* v. *Benedict* (88 N. Y. 605) that "a vendor of goods, the sale and delivery of which was induced by fraud on the part of the vendee, does not by an effort to retake the entire

property, which is successful in part only, lose the right to pursue the vendee for the value of the unfound portion; nor is the effort a defense to an action to recover possession against one in whose hands a part is found." ʻ(*The Equitable Co-operative Foundry Co.* v. *Hersee,* 103 N. Y. 25; *Hersey* v. *Benedict,* 15 Hun, 282; *Sleeper* v. *Davis,* 64 N. H. 59; *Farwell* v. *Meyers,* 59 Mich. 179.)

But the plaintiff was properly nonsuited for the reason that the judgment for the purchase price of the goods having been paid became a bar to this cause of action. (*Caylus* v. *The N. Y., K. & S. R. R. Co.,* 76 N. Y. 609.)

As we have seen, plaintiff recovered a judgment for the entire purchase price of the goods and can recover nothing more in this action. It is not entitled to two judgments against the defendant for the purchase price of the goods. All of the plaintiff's claims arising out of the sale of the goods presumptively were merged in the judgment it obtained for the purchase price, and the judgment having been satisfied by the direction of the plaintiff without the intervention of an order of the court, it was *prima facie* evidence that it was paid. All this evidence, as we have seen, was in the case when the plaintiff rested, and there was an entire absence of any evidence tending to remove the presumption of payment. If for any reason the satisfaction of the judgment was voidable an order of the court vacating it should have been obtained. (*Crotty* v. *McKenzie,* 42 N. Y. Super. Ct. 201.)ʻ

Until set aside, the satisfaction of the judgment was *prima facie* evidence of a payment. Its legal effect is the extinguishment of the debt. (*Kerr's Appeal,* 104 Penn. St. 282; 2 Black on Judgments, § 1015.)

The satisfaction of a judgment may be explained or perhaps contradicted by parol evidence. The plaintiff, having failed to introduce any evidence explaining the satisfaction of the judgment, was not entitled to recover.

The motion for a new trial should be denied, and judgment directed for the defendant on the nonsuit.

DWIGHT, P. J., and HAIGHT, J., concurred.

Plaintiff's motion for new trial denied, and judgment ordered for the defendant on the nonsuit.