Kirby *et al. v.* Kirby.

No. 17,493.

KIRBY ET AL. *v.* KIRBY.

142   419
148   234
148   513
151   185
142   419
0154  379

QUIETING TITLE.—*Answer.*—*Judgment.*—*Collateral Attack.*—An answer in an action to quiet title, alleging that the judgment upon which the plaintiff's title is based was procured by fraud upon the court and minor defendants, is a direct, and not a collateral attack on such judgment.

From the Decatur Circuit Court.

*J. D. Miller* and *J. H. Parker*, for appellants.

*W. A. Moore* and *O. G. Miller*, for appellee.

HOWARD, C. J.—An abstract of the pleadings, as set out in the appellants' brief, and as admitted to be correct by appellee, shows substantially, that the action was by appellee against appellants, his minor children, to quiet title to real estate.

A guardian *ad litem* was appointed for appellants and filed an answer, and also a cross-complaint, to each of which a demurrer was sustained. This ruling is assigned as error.

The facts stated in the answer and in the cross-complaint are the same, and are briefly as follows:

That Clay M. Kirby, who was the father of appellee, and the grandfather of appellants, was during his lifetime the owner of the land in controversy, and by his last will devised the same to appellants; that after the death of said testator and the probate of his will, the appellee and the other children of the decedent wrongfully conspired and confederated together to deprive the appellants of said land, and to distribute the same among themselves; that, in pursuance of such conspiracy, they

caused to be filed in the court below, against the appellee and the appellants, and also the executor of the will, a complaint by the remaining children of the said Clay M. Kirby, to contest and set aside his said will, alleging that the same was unduly executed, and that it was procured by the undue influence of the appellee over the said testator; that on the call of said cause the executor of said will and the guardian *ad litem* for appellants each filed an answer in general denial, while the appellee suffered default, whereupon the cause was submitted to the court for trial, and judgment was entered setting aside the will; that said judgment and decree were wrongful, and were procured by fraudulent devices and artifices, whereby the court was imposed upon and deceived, and the meritorious defense which appellants had, but which, because of their extreme youth, they were prevented from presenting to the court, was concealed and hidden; that neither the executor nor the guardian *ad litem* made any preparation for an actual defense to said action; that no witnesses were subpœnaed for appellants; that although the attorney who drew the will and also one of the attesting witnesses were in court at the time of the trial, and the other attesting witness was near at hand, all of whom, if called, would have given evidence of the due execution of the will, and that the same was not procured by undue influlence, yet none of said witnesses were called to give any evidence; that the only witness examined was one of the plaintiffs, whose competency was doubtful, and who had not been present at the writing or execution of the will, and did not testify to any fact or circumstance occurring at the time of such execution, and was not cross-examined; that no evidence of any kind was introduced for the appellants, nor was any argument made to the court in their behalf; that no

exception was taken to the finding or judgment, nor any motion made for a new trial; that soon after the rendition of the decree, all said land, by deeds from the children and heirs of said testator, was conveyed to appellee, and the suit to quiot title was brought to enable him to sell the same; that all indebtedness of said testator has been paid and said executor discharged. Appellants are of the ages of four and six years, respectively.

We are of opinion that the allegations thus made of fraud upon the minors in the procurement of the decree setting aside their grandfather's will in their favor, should have been submitted to the court for trial upon the evidence. It seems clear either that a fraud was practiced upon the court, or that the court was itself derelict in its duty. The rights of infants are peculiarly within the custody of courts, and the responsibility so placed by the law should not be lightly regarded. Too often, also, guardians *ad litem* look upon their duties to the minors, for whom they answer, as a mere formality.

If the decree complained of was wrongful, as alleged, and this wrong was due to the fault of the court or its officers, it may be that the wrong is irreparable, being secured by the judgment from collateral attack. If, however, as alleged in the cross-complaint, and as admitted by the demurrer, the court was imposed upon by appellee and the other children of Clay M. Kirby, and its decree thus procured by fraud upon the minor defendants, the attack here made would be direct, and not collateral, and should prevail. *Nealis, Admr.,* v. *Dicks,* 72 Ind. 374; *Earle* v. *Earle,* 91 Ind. 27; *Brown* v. *Grove,* 116 Ind. 84; *Brake* v. *Payne,* 137 Ind. 479; 2 Pom. Eq. Juris., section 919; Bigelow Fraud, 172; see also *Grimes* v. *Grimes* (Ill.), 32 N. E. Rep. 847;

*Kelsal* v. *Kelsal*, 2 Myl. and K. 409; *Richmond* v. *Tayleur*, 1 P. W. 737; *Crain* v. *Parker*, *Admr.*, 1 Ind. 374; *Richards* v. *Richards*, 17 Ind. 636.

The judgment is reversed, with instructions to overrule the demurrer to the answer and to the cross-complaint, and for further proceedings.

Filed October 31, 1895.