BONNER *v.* GORMAN.

Opinion delivered October 10, 1903.

JUDGMENT—COLLATERAL ATTACK.—In a suit against the sureties of an administrator to recover the amount that had been adjudged by the probate court to be due by him to the estate, it is no defense that the probate court erred in finding that any amount was due by such administrator, as the error should have been corrected on appeal.

Appeal from St. Francis circuit court.

HANCE N. HUTTON, Judge.

Affirmed.

*James P. Clarke, J. R. Beasley,* for appellants.

There may be constructive fraud compatible with the most honest and honorable intentions. 34 Ark. 466; 12 Am. & Eng.

Enc. Law, 99; 140 Mass. 488. A court of equity can interpose to correct fraud in confirmed settlements. 48 Ark. 547; 40 Ark. 402; 33 Ark. 729. The settlement of an administrator's account will be reopened in equity at the instance of sureties to let in defenses. 57 Ark. 532. Orders of the probate court not authorized by statute are void. 33 Ark. 425; 60 Ark. 369. A judgment rendered without jurisdiction of the subject matter will be set aside when collaterally attacked. 29 Ark. 47; 6 Wall., 642; 18 Wall., 457, 468; 8 How., 495. It is always proper to inquire whether the court had jurisdiction. 9 How., 336; 18 Wall., 457; 95 U. S. 714; 93 U. S. 282. Except on the order of the surrogate's court, an administrator has no power over real estate or its proceeds. 40 Ark. 25; 46 Ark. 373; 52 N. Y. 530; 33 Ark. 428; 48 Ark. 151; 9 Cowen, 227; 93 U. S. 274; 95 U. S. 714. Probate courts do not possess the general powers of a court of equity. 55 Ark. 222. A petition filed by heirs in probate court seeking to hold an administrator accountable under such circumstances would be dismissed on the ground that it was an individual liability. 62 Ark. 227; 4 N. E. 606. An administrator owes no duty to the heirs. 54 N. Y. 636; 16 N. Y. 278; 24 Am. & Eng. Enc. Law, 749; 46 Ark. 373. The probate court has no power to render and enforce a judgment against the administrator for an individual liability. 62 Ark. 227; 12 Am. & Eng. Enc., 147. Judgments without notice are void. Sand. & H. Dig. § 4190; 46 Ark. 260; 25 Ark. 471. Only creditors, legatees and others interested in the estate can maintain an action against the representative or sueties of a former administrator. 34 Ark. 144. A defendant must make all the defenses he has, both legal and equitable, when sued at law, and if necessary cause a transfer to equity. 49 Ark. 80; 46 Ark. 272; 57 Ark. 352.

*John Gatling,* for appellees.

The judgment of the probate court was not void, and, if erroneous, could be corrected by appeal. 34 Ark. 301; 11 Ark. 519; 19 Ark. 499. The adjudication by the probate court of the amount of the administrator's liability is conclusive evidence against the sureties. 14 Ark. 170; 46 Ark. 260; 39 Ark. 172; 49 Ark. 316.

*James P. Clarke, J. R. Beasley,* for appellants, in reply.

The allegations of a cross-complaint, not denied, are confessed. 56 Ark. 73. You can not, by demurrer, bring any facts before the court except those that appear in the declaration. A void

decree binds no one. 34 Ark. 646. Want of jurisdiction may always be set up. 48 Ark. 151. A void decree is a nullity. 60 Ark. 369. Want of jurisdiction may be shown at any time. 9 Cowen, 227; 18 Wall., 457; 109 U. S. 258; 131 U. S. 176, 280. A surety may show that a judgment was obtained by fraud and collusion. 12 Am. & Eng. Enc. Law, 99.

BUNN, C. J. This is a suit against the appellants as sureties on the bond of L. P. Featherstone, original administrator of the estate of Mary N. Cole, deceased, by H. P. Gorman, administrator in succession.

L. P. Featherstone having become a non-resident, his letters as administrator were revoked by the probate court of St. Francis county, and a settlement of his account was afterwards made by said probate court and a balance struck against him in the sum of nine hundred ninety one and 28-100 dollars, and judgment rendered accordingly on January 29, 1900, reciting the appearance of Featherstone and his sureties. Answer and exception to this judgment was filed on February 17, 1900, and demurrer thereto filed on March 12, 1900, but no action was taken on the demurrer. (Both answer and demurrer are left out of transcript under rule 15 of this court, as stated by the clerk making the same.)

An appeal from this judgment of the probate court appears to have been taken on February 12, 1900, by filing affidavit and supersedeas bond (the latter being unnecessary), and this appeal was dismissed in the circuit court at its March term, 1901, on the ground that the appellate court had no jurisdiction of the subject-matter of the appeal, because no order granting the appeal appeared to have been entered in the probate court.

In the meantime, the administrator in succession, H. P. Gorman, had brought this suit against the appellant sureties in the circuit court, to recover said amount adjudged against L. P. Featherstone as such original administrator by the probate court as aforesaid. The defendants filed their answer, setting up mainly that, in adjusting Featherstone's accounts, the probate court had charged him with $1,000, the proceeds of the decedent's homestead, which, they say, was not used by him as assets in his hands, but was sold by the heirs of the intestate and the proceeds paid to them direct by the purchasers, and that said administrator did not sell the same nor procure any order from the probate court to sell the same, nor did he ever receive any of the proceeds of the same, and

was therefore not accountable for said proceeds. A demurrer was interposed to this answer, and the same was sustained, and, defendants failing to plead over, judgment was rendered against them as aforesaid.

The said answer to the complaint on the bond was a collateral attack in the circuit court upon the judgment of the probate court, from which the appeal to the circuit court had been taken or attempted to be taken, and there dismissed as aforesaid.

If the judgment of the probate court was wrong, it was a mere error, and should have been corrected on appeal or other proper direct proceeding; and if, in fact, the order of appeal had been made and entered in the probate court, that was a perfect defense that could have been made against the order dismissing the appeal in the circuit court. If no order had been entered by the probate court granting the appeal, notwithstanding a proper affidavit had been made and filed therein, there was a way, perhaps, to compel the probate court to do its duty in the premises, and thus the order of dismissal be prevented. *Beebe* v. *Lockett,* 6 Ark. 422.

As the record stands, there was no appeal taken, for a mere prayer for appeal does not avail without the necessary order of the court, and the imperfect appeal to the circuit court was properly dismissed. *Neal* v. *Peay,* 21 Ark. 93.

The effort to correct the alleged error in allowing the debit of $1,000 against the defendant by allegation of fraud on the part of the probate court is not allowable, because the judgment of that court will be presumed to be correct, unless corrected for error on appeal or other direct proceeding. The settlement of an administrator after confirmation may be surcharged and falsified in chancery, but this rule does not apply to the correction of alleged errors on the part of the probate court; for all such errors, however gross, will be held and presumed to be mere errors of judgment, to be corrected as aforesaid. It would unsettle the uniform rules of practice to reverse the judgment on the grounds presented in this case, and the same must be affirmed.