LEWIS *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY.

Opinion delivered February 17, 1913.

1. JUDGMENTS BY CONSENT—RES JUDICATA.—A judgment by consent
has the same effect as *res judicata*, as a judgment rendered upon a
trial of the issues involved, and such consent judgment is not
subject to collateral attack for mere errors or irregularities in
entry or rendition.    (Page 46.)

2. JUDGMENTS BY CONSENT—RES JUDICATA.—When plaintiff brings an
action for damages for depreciation in the value of his land by
reason of acts of defendant, and all damages that had or could
accrue to the land by reason thereof, are awarded in said suit, and
the judgment entered recites that the judgment of $900, entered is
in "full and complete satisfaction to plaintiff for all damages
caused or that may be caused, or that he may or will receive," the
controversy between the parties is adjudicated and plaintiff can
not maintain a second suit for damages accruing since the rendi-
tion of the first judgment.    (Page 46.)

3. JUDGMENTS BY CONSENT—FINALITY—COLLATERAL ATTACK.—When a
judgment rendered in the circuit court is satisfied in full and not
appealed from, and there is no allegation of lack of jurisdiction of
the court rendering the judgment, it can not be impeached collat-
erally because it is not in accordance with the agreement of the
parties.    (Page 47.)

4. JUDGMENTS.—COLLATERAL ATTACK—FRAUD.—A judgment can not be
attacked in a collateral proceeding by a party or privy, on account
of fraud.    (Page 47.)

5. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY.—An attorney is
authorized by ordinary employment to prosecute a claim of his
clients to judgment and satisfaction, and the client will not be
allowed to impeach such judgment collaterally by showing that
the attorney, when he admits that he authorized the attorney to
bring the suit, had no authority to agree to the judgment which
was actually entered.    (Page 48.)

Appeal from Pulaski Circuit Court, Second Divi-
sion; *Guy Fulk*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellant brought suit against the railroad com-
pany for damages to a certain block of land in the city of
Little Rock, alleged to have been caused by the construc-
tion of a railroad track near it without drainage, prevent-

ing the escape of the surface water and causing it to overflow.

This suit was brought in February, 1912, and in the complaint it was alleged that in November, 1909, he had brought suit against the same company for damages for causing and allowing the surface water to overflow and stand upon the same block of land and that he accepted a settlement for his damages in the first suit on April 7, 1910, for the sum of $900, for damages sustained up to that time and in consideration of an additional agreement from the railroad company that it would remedy the condition and relieve the cause by providing for drainage, which it has failed to do. Alleged further for the present cause of action that years ago the defendant constructed a line of railroad and embankment along and adjacent to the property described, negligently and unskillfully and has maintained said roadbed so that it obstructs and retards the passage of water and allowed the openings originally made through the embankment to fill up so that the overflow water does not pass through, as it naturally would but for such obstruction and insufficient opening and thus causes the water to overflow and stand upon the property of plaintiff. Said property has houses upon it occupied by tenants and that by reason of the defendant's negligence in maintaining its roadbed he has been damaged in the sum of $3,000, for which judgment is prayed.

Appellee answered, admitting the bringing of the first suit for damages and the settlement thereof, and plead *res adjudicata,* exhibiting with its answer the pleadings in the former suit, the judgment therein and entry of satisfaction thereof; denied that there was any additional agreement, other than as contained in the judgment. Denied any negligence and plead also the statute of limitations.

Appellant filed a response to the answer and a motion to modify the judgment which was on motion stricken from the files.

The record recites the following: "Both parties announced ready for trial and a jury was regularly impaneled to try the case. The plaintiff admits in open court that the transcript of the judgment attached to the defendant's amendment to answer filed this day is true and a complete copy of the judgment entered in cause No. 5960, entered and now appearing of record in this court, in record book circuit court record, second division No. 27, at page 101; and that the complaint and the answer attached to the defendant's amendment to answer herein filed this day are the original pleadings in said cause No. 5960, upon which the judgment aforesaid was rendered, and that said judgment and pleadings constitute the record in cause No. 5960; and that the parties in said action No. 5960 were the same as the parties to this action, and that the property described in the complaint and judgment in said action No. 5960, for injury to which damages was claimed in said action, is the same property for which damage is claimed in this action, and that the judgment aforesaid has been fully paid by the defendant; plaintiff thereupon offered to prove in open court, by his attorney, Robert L. Rogers, that the settlement named in the judgment aforesaid was for damages accrued up to the said date of said judgment and did not cover future damages to said property, and further that the agreement was that the defendant would open up the drain through the dump and roadbed mentioned in said pleadings and that he, as such attorney, did not consent to any judgment for future damages, and had no authority from the plaintiff to consent to any judgment for future damages to said property. Plaintiff also offered to testify that he employed Robert L. Rogers, his attorney, to bring this suit for damages done to the property up to the date of the trial, and not any future damages, and that the said Robert L. Rogers was not authorized by him to accept any settlement for damages that might occur thereafter to said property.

"On motion of the defendant, the court refused to admit in evidence the foregoing testimony offered by the

plaintiff or any part thereof, but excluded the same from the consideration of the jury, to which action of the court the plaintiff at the time objected and asked that its exceptions be noted of record, which was accordingly done.''

The court sustained the plea of *res judicata,* held it a bar to the action and rendered judgment dismissing the cause of action with prejudice and for costs. Appellant excepted to the action of the court and prayed an appeal.

*Robert L. Rogers* and *Terry, Downie & Streepey,* for appellant.

1. The agreement to open up the drain through the dump and roadbed belonging to appellee was a part of the consideration for the entry of the judgment in the prior suit and is binding upon appellee regardless of the former judgment. It was a contract between the parties for the breach of which appellant is entiled to sue. The court therefore erred in excluding Rogers' testimony. Lawson on Contracts (2 ed.), 458; Beach, Modern Law of Contracts, 1751.

2. To render a judgment *res judicata* it must be shown that the issue presented in the subsequent action was involved in the prior action, and that both actions are between the same parties. 100 N. W. (Neb.), 202.

Here the issues are not the same. The nuisance complained of in the original suit was of the class which are not necessarily injurious but may inflict injury for awhile and then cease, and for which successive recoveries may be had as the injuries occur, as stated in the Hoshall case, 82 Ark. 387, 392. It is clear from the allegations of the complaint and the agreement between the parties that the plaintiff only contemplated recovering damages up to the date of the judgment, and, since appellee had agreed to correct the defect in the drainage facilities, there would have been no subsequent damage, had it done so. The judgment, therefore, concludes only the issues in that case, and, in so far as it refers to future damages is not responsive to the pleadings in the case. 140 U. S. 254; 35 Law. Ed. 464, 469.

3. Appellant was entitled to introduce testimony for the purpose of modifying the judgment to conform to the judgment which should have been entered. 76 S. W. (Ky.), 540; 93 Ark. 342, 345 and cases cited.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

1. When a cause of action has once been adjudicated by a court of competent jurisdiction it can not again be litigated between the same parties. 20 Ark. 85, 91.

Judgments by consent are as binding and have the same effect as estoppels or *res judicata,* as do those rendered upon a trial of the issues by the court. Freeman on Judgments, § 330; 2 Black on Judgments, § 705; 137 Mo. 517; 59 Am. St. Rep. 508; 62 *Id.* 133, 159.

It is clear from the allegations of the original complaint that only single damages could be recovered, and the judgment is the only one that could properly have been entered. 86 Ark. 406; 89 Ark. 542.

It could not be collaterally attacked. 23 Cyc. 1097; 122 N. W. 21; 79 Ga. 64, 7 S. E. 133; 61 Tex. 134; 155 Mass. 77, 28 N. E. 1135; 41 N. E. 475, 477; 73 N. Y. 256; 202 Pa. St. 488; 19 S. W. 1091; 52 Atl. 30.

Any modification or correction of the judgment could only be upon motion in the court where it was rendered, or in chancery for fraud; it could not be avoided when it is relied upon as a defense by showing that it was not agreed to. *Supra;* 71 Ark. 330; 23 Cyc. 1097.

It can not be impeached collaterally by showing that the attorney who had authority to bring the action had not authority to agree to the consent judgment which was actually entered. 73 Am. St. Rep. 577.

2. If there was any error in refusing to admit proof offered by plaintiff it was such error as could not properly be shown on the judgment roll; it could only be availed of by filing a motion for a new trial and brought in to the record by bill of exceptions. 27 Ark. 37; *Id.* 506; 46 Ark. 21.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in sustaining the plea of *res adjudicata* and that he should have been permitted to

show the consideration of the first judgment and to re-
cover damages for the failure thereafter to perform the
agreement to drain the roadbed and prevent further dam-
ages by the obstruction of the water and overflow.

It is the policy of the law that when a cause of action
has been adjudicated by a court of competent jurisdic-
tion, it can not again be litigated between the same par-
ties.

This court has stated the rule as follows: ''A judg-
ment or decree of a court of competent jurisdiction,
directly upon the point, is conclusive between the same
parties, or their privies, upon the same matter, when
brought in question in the same court, or in another court
of concurrent jurisdiction. The rule is founded upon
considerations as well of abstract justice as of the public
policy which forbids the litigation of any matter which
has once been fairly determined by proper and compe-
tent authority between the same parties, or those stand-
ing in the relation of privies to them.'' *Peay* v. *Duncan,*
20 Ark. 85, 91.

Judgments by consent have the same effect in estop-
pel and are as binding as *res adjudicata,* as those ren-
dered upon a trial of the issues involved and neither are
they subject to collateral attack for mere errors or irreg-
ularities in their entry or rendition. 23 Cyc. 1097; Free-
man on Judgments, § 330; 2 Black on Judgments, 705;
*Short* v. *Taylor,* 137 Mo. 517, 59 Am. St. Rep. 508; *Adler*
v. *Vankirkland Co.,* 62 Am. St. Rep. 133.

The pleadings in the original suit show that the
cause of action was for damages for depreciation in value
of the land, because of the construction of the roadbed
and dump, as maintained, and upon the issues made all
the damages that had or could accrue to the lands by
reason thereof could have been awarded in that suit. A
judgment was in fact entered, reciting that ''the parties
herein agree and consent to a judgment for nine hundred
($900) dollars, in favor of the plaintiff, as full and com-
plete satisfaction to the plaintiff for all damages caused
or that may be caused, or that he may or will receive by

the building, erection, construction and maintenance of a certain railroad dump or roadbed spur, or railroad at or near block 18 in the city of Little Rock, State of Arkansas, and that said amount shall be in full satisfaction of all damages that have accrued or may accrue to the plaintiff on account of any and all allegations made in the complaint herein. * * *"

This judgment was not appealed from and has been satisfied in full by the payment of the amount for which it was rendered.

There was no allegation of lack of jurisdiction of the court rendering it and it was not therefore subject to collateral attack.

Cyc. states the rule thus: "Where want of jurisdiction is not alleged, the judgment can not be impeached collaterally, because it is not in accordance with the agreement of the parties." 23 Cyc. 1097. See also *Wabaska Electric Co.* v. *City of Blue Springs,* 122 N. W. 21; *Williams* v. *Simmons,* 79 Ga. 649; 7 S. E. 133; *Frisby* v. *Withers,* 61 Tex. 134; *Young* v. *Watson,* 155 Mass. 77; 28 N. E. 1135; *Biddle* v. *Pierce,* 41 N. E. 475; *White* v. *Bogart,* 73 N. Y. 256; *Hughes* v. *Schreiner,* 202 Pa. St. 488; 52 Atl. 30.

The decisions of many courts, our own among the number, hold to the broad general rule that it is not permissible for a party or privy to attack a judgment in a collateral proceeding on account of fraud. *Bonner* v. *Gorman,* 71 Ark. 480; 77 S. W. 602. See also *Logan* v. *Central Iron Co.,* 139 Ala. 548, 36 Sou. 729; *Porter* v. *Rountree,* 111 Ga. 369; 36 S. E. 761; *Kirby* v. *Kirby,* 142 Ind. 419, 41 N. E. 809; *Edmonson* v. *School District,* 98 Iowa, 639, 67 N. W. 671; *Gaines* v. *Johnson,* 12 Ky. Law Rep. 779, 15 S. W. 246; 23 Cyc. 1098, and other cases cited.

Appellant nowhere contends that his attorney did not have authority to bring the first suit, nor consent to judgment, but only that he was without authority to consent to a judgment for future damages as rendered.

It will not be questioned that an attorney is author-

ized by ordinary employment to prosecute a claim to judgment and satisfaction and appellant will not be allowed to impeach such judgment collaterally by showing that the attorney whom he admits had authority to bring the suit and file the complaint had not authority to agree to a judgment by consent, which was actually entered. *Moore* v. *Morrell*, 56 Ark. 378; *Bellveau* v. *Amoskeag Mfg. Co.*, 73 Am. St. Rep. 577.

Even if appellant's response and motion to modify the judgment which was filed in the court below and later on motion stricken from the files can be considered here, which is extremely doubtful, under the state of this record, its allegations are not sufficient to warrant the modification of the judgment under the statute if it be regarded a direct proceeding for that purpose. Section 4431, Kirby's Digest.

We find no error in this record and the judgment is affirmed.