ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY *v.* WARDELL-WHITTON ROAD IMPROVEMENT DISTRICT.

Opinion delivered March 19, 1923.

1. JUDGMENT—COLLATERAL ATTACK.—A judgment may be attacked collaterally only where it is shown by the record that there was a want of jurisdiction, either of the subject-matter or of the person of the defendant.

2. HIGHWAYS—JUDGMENT OF COUNTY COURT CHANGING HIGHWAY.—Where the county court, in changing a road so as to run longitudinally on the right-of-way of a railroad company for a short distance, followed the provisions of the special act of 1919 creating the Wardell-Whitton Road Improvement District No. 2 of Mississippi County, its judgment is not void on the ground that no jurisdiction was acquired over the railroad company.

3. HIGHWAYS—AUTHORITY OF COUNTY COURT TO CHANGE HIGHWAY.—Where the county court was authorized under the special act of 1919 creating the Wardell-Whitton Road Improvement District, to change an existing highway so as to place it longitudinally on a railroad right-of-way if necessary to do so, and such use would not deprive the railroad of the use thereof or materially affect it, it will be presumed that the Legislature knew where the old highway was and that in authorizing necessary changes it had in mind the existing location of the highway.

4. HIGHWAYS—LOCATION—REMEDY.—The remedy of a railroad company, aggrieved by the judgment of a county court in changing a highway so as to place it longitudinally on its right-of-way, is by appeal therefrom, and it cannot attack such judgment collaterally by injunction, as the court had jurisdiction of the subject-matter.

Appeal from Mississippi Chancery Court, Osceola District; *Archer Wheatley,* Chancellor; affirmed.

This action was instituted in the chancery court by the St. Louis-San Francisco Railway Company against the commissioners of Wardell-Whitton Road Improvement District No. 2 of Mississippi County, Ark., to restrain them from opening or constructing a highway upon the right-of-way of the railroad company.

It appears from the record that the plaintiff is operating a line of road through Mississippi County, Ark. The Legislature of the State of Arkansas, by a special act, created Wardell-Whitton Road Improvement District No. 2 of Mississippi County, at a special session of the Legislature in 1919. Subsequently, pursuant to the provisions of the special act, ten petitioners filed a petition in the county court asking for an alteration in the line of the public road in two townships in said county. The county court appointed three viewers, and the public road was changed so as to run longitudinally on the right-of-way of the railroad company for a short distance. In making the change of the public highway the statute regulating the method of procedure in such cases was followed, and this was in accordance with the provisions of the special act creating the special road improvement district in question. No appeal was taken from the judgment of the county court establishing the public highway parallel with the railroad right-of-way and on a part of said right-of-way. Other facts will be stated or referred to in the opinion.

The chancellor dismissed the complaint of the plaintiff for want of equity, and the cause is here on appeal.

*W. F. Evans, W. J. Orr, Taylor & Gladish* and *Gautney & Gautney,* for appellant.

The description of the highway is indefinite and uncertain, and either takes a strip 20 feet wide longitudinally off the west side of the railroad right-of-way through section 36, or, as we construe it, none of the right-of-way is taken except for crossing south of section 36, where the highway continues south and the rail-

road curves to the west. The report of the viewers shows this contention correct, and apparently the county court did not construe its order as taking 20 feet off the company's right-of-way. Has the county court the power to lay out a highway upon the right-of-way of a railroad company? Sec. 7328, Kirby's Digest, as amended by act 1911. *Sloan* v. *Lawrence,* 134 Ark. 127. The Legislature could do it, but its intention must be clearly manifested. 13 R. C. L., Highways, § 34. See also *St. Louis & San Francisco Rd. Co.* v. *Fayetteville,* 75 Ark. 537. Usually it cannot be established longitudinally along a railroad right-of-way. 13 R. C. L., p. 44, sec. 35, citing *Bridgeport* v. *Railroad,* 36 Conn. 255; 4 Am. Rep. 63; *Ft. Wayne* v. *Lake Shore Ry.,* 32 N. E. 215, 18 R. L. A. 367. Especially *Northern Central Ry.* v. *Mayor, Baltimore,* 106 Atl. 159; *Mobile & O. Ry.* v. *Union City,* 194 S. W. 573; *Railroad* v. *Memphis,* 148 S. W. 662; 2 Nichols on Eminent Domain, sec. 358, 361. County court has no express authority for taking land devoted to a public use. See *Railroad* v. *Railroad,* 102 Ark. 492; *Railroad* v. *Fayetteville,* 75 Ark. 534. The county court being without power to condemn lands of a railroad company except for crossings, its attempt to take its property otherwise is void and its judgment subject to collateral attack. *Portland Ry. Light & Power Co.* v. *Portland,* 181 Fed. 632.

  *A. F. Barham,* for appellee.

  No uncertainty about description of highway nor about its taking part of railroad right-of-way. The establishment of the road was a proceeding *in rem,* and the county court's judgment is not subject to collateral attack unless it appears on its face the court was without jurisdiction. *Crittenden Co. Lbr. Co.* v. *McDougal,* 101 Ark. 390; *Hall* v. *Morris,* 94 Ark. 519. Court had jurisdiction, and could have established road in either of two ways. Sec. 3234; *Lonoke Co.* v. *Carl-Lee,* 98 Ark. 346; § 5249, C. & M. Digest; *Sloan* v. *Lawrence Co.,* 134 Ark. 121. Property not taken without due process of

law. *Dickerson* v. *Tri-County Drainage District,* 134 Ark. 477. County court had power to take railroad right-of-way for a public use. 20 C. J. 601. Not shown that right-of-way not taken insufficient for railroad use. 20 C. J., 605-606; note to *Zehner* v. *Miller,* 24 L. R. A. (N. S.) 383. 10 R. C. L. 201, 202.

HART, J., (after stating the facts). The change in the road in question was made in conformity with the statutes relating to the establishment and alteration of public highways. No appeal was taken from the decision of the county court establishing the road as laid out by the viewers. Hence the present suit is a collateral attack on the judgment of the county court in changing the public road.

It is well settled in this State that a judgment may only be attacked collaterally where, by the record, it is shown that there is a want of jurisdiction in the court rendering it, either of the subject-matter or of the person of the defendant. *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 390, and *Blanton* v. *Forrest City Mfg. Co.,* 138 Ark. 508.

The special act which created the special road district in question provided that the county court might make changes or alterations in the existing highway by following the method of procedure prescribed by the statute in such cases.

In *Sloan* v. *Lawrence County,* 134 Ark. 121, the act of 1911 relating to the power of the county court to open new roads and to make such changes in old roads as it might deem necessary and proper was held valid, in so far as provides for the taking of private property by order of the county court for a public road, without notice to the interested landowner or a determination of the necessity therefor.

Again, in *Dickerson* v. *Tri-County Drainage Dist.,* 138 Ark. 471, the court held that taking property for a drainage ditch falls within the State's right of eminent domain, and the right may be exercised without notice

to the property owner and without giving a hearing upon that question.    Hence the contention that the judgment of the county court changing the public highway is void because no jurisdiction was acquired over the railroad company is not well taken.

It is next insisted that the judgment of the county court was void because the county court had no jurisdiction to change the existing highway so as to place a. part of it longitudinally upon the right-of-way of the railroad company.    We do not think that this fact rendered the judgment of the county court void.    The county court was not laying out an entirely new system of highways.    The improvement district was organized for the purpose of improving an existing highway, and the county court, under the special act creating the improvement district, was authorized to change the existing highway if it should be found necessary and proper to do so.    The special act provided that the method of procedure adopted by the general statute for laying out and altering public highways should be adopted in case a change in the public road should be asked.    We must presume that the Legislature knew where the old highway was, and that it was in some places in the county close to and parallel with the right-of-way of the railroad company, and that when it authorized the county court to make the necessary changes in the existing highway it had in mind its location.

In testing the right to attack the judgment of the county court collaterally, the question is one of jurisdiction.    If the county court had jurisdiction of the subject-matter, then the injunction will not lie in the present case.    As we have just seen, the statute creating the road improvement district authorized the county court to change the existing public highway when it was found necessary to do so.    Bearing in mind that the Legislature must be treated to have knowledge of its location with reference to the railroad's right-of-way, the statute, by necessary implication, authorized the county

court to change the highway so as to run along the right-of-way of the railroad company, if necessary to do so and if such use would not deprive the railroad of its use of the right-of-way, or materially affect such use.

Therefore the remedy of the railroad company, if aggrieved by the act of the county court, was to take an appeal from its judgment to the circuit court, and there, on a trial *de novo,* to show the court that the laying out of a public highway longitudinally, even for a short distance, on its right-of-way would operate to deprive it of its right-of-way or to materially lessen its use for that purpose. See also *Lonoke County* v. *Carl-Lee,* 98 Ark. 345.

It follows that the chancery court was right in dismissing the plaintiff's complaint for want of equity, and its decree will be affirmed.