BLACK v. BURRELL.

Opinion delivered January 23, 1928.

1. JUDGMENT—COLLATERAL ATTACK.—A judgment may be collaterally attacked only where, by the record, it is shown that there is a want of jurisdiction in the court rendering it, either of the subject-matter or of the person of defendant.

2. JUDGMENT—COLLATERAL ATTACK—DEATH OF PARTY.—A decree is not subject to collateral attack because the plaintiff therein was dead at the time the decision was rendered on appeal, where there was no suggestion of the party's death, and the fact does not appear from the record of the case.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; affirmed.

*L. C. Maloney*, for appellant.

*W. A. Singfield*, for appellee.

SMITH, J. Appellees, who were plaintiffs below, brought suit in ejectment against appellant to recover possession of a certain lot in the city of Little Rock. For their cause of action they alleged that Hattie Battle, who was lawfully seized as owner of the fee-simple title to said lot, died testate on the................day of February, 1918, and by her last will and testament devised the lot to them as trustees for Mount Pleasant Baptist Church, subject to the life estate of her husband, Aaron Battle, who died on the................day of................, 1924. A copy of the will was made an exhibit to the complaint. It was further alleged that Hattie Battle obtained title to the lot by warranty deed from Mrs. F. M. Fulk, dated February 14, 1911, and that defendant occupied the lot September 22, 1923, under a deed from the life tenant, Aaron Battle, and has unlawfully retained possession since the death of the said life tenant.

After a demurrer had been sustained to the original complaint an amended complaint was filed, in which the title from the United States, through mesne conveyances to Mrs. Fulk, was deraigned.

Appellant filed an answer, in which he denied that Hattie Battle had at any time been seized of the fee

title, or that she acquired the same by deed from Mrs. Fulk.

Appellant admitted his entry under a deed from Aaron Battle, but denied that his grantor had only a life estate. He alleged the fact to be that, on the............ day of........................................, 19.........., in a cause then pending in the chancery court, in which Aaron Battle and the trustees of the church were opposing parties, it was adjudged that the trustees were not the owners of the property, but that the title was in Aaron Battle, and thereafter appellant, for a valuable consideration, purchased the lot from Aaron Battle, and the same was conveyed to him by a warranty deed. At the time of this conveyance no appeal had been prayed or granted to the Supreme Court from the decree of the chancery court, and there was no record that the trustees of the church contemplated an appeal.

After the deeds mentioned and the decree of the chancery court had been offered in evidence, the clerk of the chancery court was called, and produced a record of that court, and was asked to read therefrom the decree of the chancery court on the mandate of the Supreme Court reversing the decree of the chancery court above referred to, wherein it had been adjudged that Aaron Battle was the fee owner of the lot in question. Objection was made to the introduction of this decree, upon the ground that it was void for the reason that, at the time of the submission of the appeal in the Supreme Court and the decision of the cause by the Supreme Court, the said Aaron Battle was dead, and the cause was never at any time revived against his heirs-at-law. The court overruled the objection to the introduction of the last mentioned decree of the chancery court, for the reason that it did not appear from the record in that cause that Aaron Battle was dead.

The decision of this court referred to is found reported under the style of *Dillard* v. *Battle,* 166 Ark. 241, 266 S. W. 80. It was there recited that Aaron Battle sought to have a resulting trust declared in the lot which

he had purchased but which, through fraud or mistake, had been conveyed to his wife alone. The chancery court had granted the relief prayed after finding that Aaron Battle was the surviving tenant of an estate by the entirety, but that decree was reversed by this court, for the reason that, in the opinion of the court, the testimony did not support the finding that Aaron Battle had furnished the money to purchase the lot, and that no mistake was made or fraud committed when the deed from Mrs. Fulk was taken in the sole name of Hattie Battle, and the cause was remanded with directions to dismiss the complaint of Aaron Battle for want of equity.

Appellant does not claim to have been an innocent purchaser, if, indeed, he could have been, as it was shown that, before purchasing from Aaron Battle, he required an indemnifying bond from him, for the reason that the time within which an appeal might be prosecuted had not then expired.

The appeal should not have been submitted, nor should the cause have been decided by this court until there had been a revivor against the heirs of Aaron Battle, if he were not then alive. But there was no suggestion of this fact, nor does the fact appear from the record in that case, although one of the attorneys who represented appellant in the trial from which this appeal comes was the attorney for Battle on the former appeal, nor was the death of Battle suggested or made to appear upon the rendition of the decree of the chancery court on the mandate from this court. The court below was correct therefore in refusing to permit appellant to collaterally attack the decree of the chancery court on the mandate.

In the case of *St. Louis-San Francisco Ry. Co.* v. *Wardell-Whitton Road Imp. Dist.*, 157 Ark. 557, 249 S. W. 17, it was said: "It is well settled in this State that a judgment may only be attacked collaterally where, by the record, it is shown that there is a want of jurisdiction in

the court rendering it, either of the subject-matter or of the person of the defendant'' (Citing cases).

The objection made to the jurisdiction of the Supreme Court on the former appeal is that Aaron Battle was dead at the time of the decision in that cause and of the rendition of the decree on the mandate in the chancery court; but, as we have said, that fact did not appear from the record, and was not suggested either in this court or in the chancery court, and the decree of the chancery court is now impervious to the collateral attack here made upon it.

No other defense to the action of the plaintiffs being alleged or shown, the court properly directed a verdict in their favor, and the judgment pronounced on this verdict will therefore be affirmed.